RICHARD F. JAMES, PLAINTIFF IN ERROR, v. THE COM-
MISSIONERS OF LINCOLN COUNTY.

1. **Sheriff:** COMPENSATION FOR KEEPING PRISONERS. Where a
sheriff has the custody of two prisoners from different counties
for safe keeping, the compensation is no greater than if they
belonged to the same county.

2. ——: ——. The expense in such case should be borne by the
two counties in equal proportions.

3. ——: ——. In a suit by the sheriff against one of the counties
to recover for such services, he is only entitled to one-half the
whole amount.

ERROR from the district court of Lincoln county.

*John De Laney*, for plaintiff in error.

*Hinman & Gantt*, for the commissioners.

LAKE, CH. J.

This is a petition in error, from Lincoln county, and presents but a single question for our decision.

The facts of the case are all agreed upon. It appears that the plaintiff as sheriff and jailer of Dawson county was intrusted with the custody of a prisoner sent from Lincoln county for safe keeping, and that he so held him for the period of fifty-four days, during all of which time, however, he was also keeping in the same jail a prisoner for Buffalo county. It further appears that the condition of the Dawson county jail was such as to require the employment of a guard to prevent the escape of these prisoners, and that one was employed for that purpose by the plaintiff during all of said time. The sole controversy is as to the amount of the compensation to which the plaintiff is entitled from Lincoln county for services as jailer, and for furnishing said guard.

It is contended for the plaintiff that as jailer, and for guarding the prisoner from Lincoln county, he is entitled to the same compensation as he would have been if the prisoner from Buffalo county had not been in his custody during the same time, while on the other hand it is insisted, that there being no necessity for but one guard for both prisoners, and but one being actually employed, the sheriff is only entitled to compensation accordingly, and that the expense should be borne equally by the two counties from whence the prisoners came.

The question thus raised calls for a construction of the several statutes relating to the compensation of a sheriff or jailer in such cases.

I. Section eleven, of chapter twenty-nine of the Revised Statutes, (General Statutes, 454,) provides among other things that "when the condition of the jails of this state requires a constant guard to be kept to prevent the escape of prisoners confined therein, the sheriff shall be allowed the sum of three dollars per day and night for guarding, or procuring guard for such prisoners." It is only when the condition of the jail is such that a guard is *necessary* to prevent an escape, that one is permitted at the public expense.

Now it seems very clear that, no matter how great the number of prisoners in the custody of the jailer may be, if they are all from a single county, and only one guard is necessary, or actually employed for their security, he is only entitled to receive three dollars per day and night for such service. And why should a different rule obtain where the prisoners are brought from different counties, but only the same service performed? Surely there is nothing in the statute which contemplates any difference in the compensation, whether the same service be performed for a single one, or for several counties. The "three dollars per day and night," is not for guarding each prisoner confined in the jail, nor for the prisoners from each county, but it is "for guarding, or procuring guard for *such prisoners,*" that is, such as are confined in the jail at the public expense, whether they be few or many.

This being our view of this section of the statute, we have no doubt whatever that the expense of guarding these two prisoners should be borne by the two counties in equal proportions, and that all the plaintiff should recover from the defendant is one-half of the whole amount.

II. As to the compensation claimed as jailer the same rule must be applied. In section one of an act to amend

section five of chapter twenty-two of the Revised Statutes, approved February 25, 1875, it is provided, that, "where there are prisoners confined in the county jail, the sheriff shall be allowed the sum of one dollar and fifty cents per day as compensation of jailer." Laws 1875, 83.

The compensation here given to the sheriff was not intended to be multiplied by the number of prisoners actually under his charge, but it is the entire allowance to which he is entitled whatever may happen to be the number confined in the jail at any one time.

It is not intended by this opinion to convey the idea that, where there is a necessity for more than a single guard, the sheriff would not be permitted to provide the requisite number at the expense of the public. That question is not presented in this record, for it is agreed that but a single one was employed to watch over both prisoners.

For these reasons the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.