P. J. HOOKER, PLAINTIFF IN ERROR, v. ANDREW HAMMILL, AND OTHERS, DEFENDANTS IN ERROR.

1. **Chattel Mortgage:** EXECUTION AND ACKNOWLEDGMENT. The several sections of chapter 43 of the Revised Statutes of 1866, in relation to the execution and acknowledgment of deeds, mortgages, *and other instruments in writing required to be recorded*, are to be construed together, and apply to and include chattel mortgages.

2. **Practice:** JUDGMENT IN REPLEVIN. In replevin, where a verdict is returned in favor of the defendant, the judgment must be for a return of the property, or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding the property and costs of suit.

3. ——: ——: DAMAGES. As elements of damage, the jury may consider the decrease in value of the property from the time of the replevin, with interest on its entire value.

ERROR to the district court for Saline county. Tried below before WEAVER, J. The facts appear in the opinion.

*Hastings & McGintie*, for plaintiff in error.

The main point in the case seems to be as to the verdict and the judgment rendered thereon.

The plaintiff offered at the trial of the cause below to prove that the property could be returned to defendants, and that the same was ready to be delivered to defendants on an order of the court.   This evidence the court excluded and charged the jury as asked by the defendants in their second instruction.   This is clearly erroneous, because General Statutes of Nebraska, section 9, page 713, provides that the judgment shall be for a return of the property, or the value thereof, in case a return cannot be had, and a replevin bond must be conditioned for a return of the property to the defendant in case a judgment for a return thereof be rendered.   Showing that a judgment against a plaintiff in replevin must be in the alternative.

In *Hall v. Jenness*, 6 Kansas, 364, it was held that the court committed a serious error in rendering a judgment for money absolutely, and that judgment should have been rendered in the alternative, for a return of the property, or for the value thereof, in case a return could not be had.   This construction has uniformly and repeatedly been placed upon the statutes in New York, which are similar to our own.   *Dwight v. Enos*, 9 New York, 470.   *Fitzhugh v. Wiman*, Id., 559.   *Wood v. Orser*, 25 N. Y., 348, 355, 360.   *Seaman v. Luce*, 23 Barb., 240, 248.   *Glann v. Younglove*, 27 Barb., 480. *Gallarati v. Orser*, 4 Bosw., 94.   *Garrett v. Wood*, 3 Kansas, 231, 235.   And in Wisconsin, under a statute identical with ours, the same principle has been laid down.   *Smith v. Coolbaugh*, 19 Wisconsin, 107.   *Single v. Schneider*, 24 Wisconsin, 299.   *Battis v. Hamlin*, 22 Wisconsin, 669.   *Arthur v. Wallace*, 8 Kansas, 267. *Ward v. Masterson*, 10 Kansas, 77.   *Nickerson v. Chatterton*, 7 California, 568.   A plaintiff has a right to return property replevied by him, and it is error for a court to deprive him of that right.   *Hall v. Jenness, et al.*, 6 Kansas, 365.

*George B. France*, for defendant in error.

The certificate of acknowledgment is defective. Our statute requires a chattel mortgage to be acknowledged, and it cannot be lawfully recorded, unless it has been previously acknowledged. General Statutes, pages 394, 481, 872, 875. 2 Hilliard on Mort. 451. *Hodgson v. Butts*, 3 Cranch, 140. *Hamilton v. Mitchell*, 6 Blackf., 132.

The mortgage itself is inconsistent in describing the mortgagor as receiving one thousand dollars in hand, when the condition shows that the mortgagor received nothing, and the mortgagee merely went security on an attachment bond for the mortgagor. 2 Hilliard on Mort. 339. *Southwick v. Hapgood*, 10 Cush., 119. *Belknap v. Wandel*, 11 Foster, 92.

The defendants did not claim in their answer a return of the property described in plaintiff's petition, and therefore they had a right to waive a return and take judgment for the value only. *Pratt v. Donovan*, 10 Wis., 378. *Morrison v. Austin*, 14 Wis., 601. *Farmer's Loan and Trust Co. v. Com'l Bank of Racine*, 15 Wis., 424. *Smith v. Coolbaugh*, 18 Wis., 106.

We think there is both reason and justice in preserving this option to the defendants in this case; for when the plaintiff has taken the defendants' property in his possession unjustly, though he do so by legal process, there certainly can be no reason why the defendants should not, if they so desire, have the right to compel him to abide by the consequences of his own wrongful acts and pay for the property. Indeed, in many instances. it would work a hardship to defendants to compel them to receive their property after the same had been badly used for a year or more by the plaintiff.

MAXWELL, J.

In August, 1875, the plaintiff commenced an action of replevin before a justice of the peace, against the defendant, to recover the possession of a threshing machine. The property was appraised at $350, and the justice thereupon certified the cause to the district court. The case was tried in December, 1876, and a verd.ct rendered in favor of the defendant for the sum of $277.08, upon which judgment was rendered. The case is brought into this court by petition in error.

I. On the trial of the cause the plaintiff offered in evidence a chattel mortgage, which was excluded because not properly acknowledged. This is assigned for error.

Section sixteen of chapter 43 of the Revised Statutes of 1866 provides that: "All deeds, mortgages, *and other instruments of writing which are required to be recorded*, shall take effect and be in force from and after the time of delivering the same to the clerk for record, and not before, as to all creditors and subsequent purchasers in good faith without notice." Gen. Stat., 875.

Section seventeen provides that: "They shall not be deemed lawfully recorded unless they shall have been previously acknowledged or proved in the manner herein prescribed." Gen. Stat., 875.

Section two requires the grantor to acknowledge the instrument to be his voluntary act and deed.

Section forty-three provides that: "No acknowledgment of any conveyance having been executed shall be taken by any officer, unless the officer taking the same shall know or have satisfactory evidence that the person making such acknowledgment is the person described in, and who executed such conveyance." Gen. Stat., 879, Sec. 38.

Section seventy-three provides that: "Every mort-

gage, or conveyance intended to operate as a mortgage, of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed and re-corded as directed by law." Gen. Stat., 394, Sec. 14.

These sections are parts of the same chapter of the act of February 12, 1866, entitled an "Act for revising, amending, consolidating, and re-enacting the civil and criminal codes, and the laws of a general nature, of the state of Nebraska," and they must be construed together as one law. And according to the provisions of this law it is quite clear that not only deeds and mortgages, but all "other instruments of writing which are required to be recorded" * * * "shall not be deemed lawfully recorded unless they have been previously acknowledged or proved *in the manner herein prescribed.*" A chattel mortgage, as seen by section seventy-three, must be re-corded, and therefore it clearly comes within the statute, and must be acknowledged to entitle it to be recorded.

The mortgage in the case at bar was given to the plain-tiff to indemnify him against any loss he might sustain by reason of signing a certain attachment bond, in an action wherein Jacob Brong was plaintiff and Frank Handy was defendant. No testimony whatever was of-fered by the plaintiff to show that he had sustained any loss or damage in consequence of signing said bond, or that his liability thereon still continued. This was es-sential, even if the mortgage had been properly acknowl-edged, to entitle the plaintiff to recover. The court therefore did not err in excluding the mortgage.

II. Section one hundred and ninety-one of the code of civil procedure provides that: "In all cases where the

property has been delivered to the plaintiff, where the jury shall find upon the issue joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the com-mencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant."

Section seven of the act approved February 26, 1873, provides that "the judgment in cases mentioned in sec-tions 190 and 191 and in section 1041 of the code, shall be for a return of the property, or the value thereof in case a return cannot be had, or the value of the possession of same, and for damages for withholding said property, and costs of suit." Gen. Stat., 713.

These provisions of the statute are mandatory. The court has no discretion in the matter.

In *School District v. Shoemaker*, 5 Neb. 38, it was held that if the jury find in favor of the defendant they must assess him such damages as they shall think just and proper, whether he pleads a general denial, new matter as a defense, or a demand for damages.

Where the defendant succeeds and a verdict is returned in his favor for a return of the property, he is also enti-tled to damages. And as elements of damage, the jury may consider the decrease in value of the goods from the time of the replevin, with interest on their entire value. *Frey v. Drahos*, ante p. 194. *Rowley v. Gibbs*, 14 Johns, 387. *Brizee v. Maybee*, 21 Wend., 146.

But the judgment of the court must be in the alterna-tive. As the ruling of the court below was contrary to these views, the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.