THE SINGER MANUFACTURING CO. v. H. P. DUNHAM.

[FILED JANUARY 5, 1892.]

1. **Replevin.**: JUDGMENT MUST BE ALTERNATIVE. In replevin, where a verdict is returned in favor of the defendant, the judgment must be for a return of the property, or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding the property, and costs of suit. (*Hooker v. Hammill*, 7 Neb., 231.)

2. ——: ——. The provision of statute requiring such judgment to be in the alternative is mandatory. (*Id.*)

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Marston & Nevius,* for plaintiff in error.

*A. H. Connor,* and *Stewart & Rose, contra.*

COBB, CH. J.

The plaintiff in error brought its action in replevin against the defendant on May 21, 1888, alleging ownership and right of possession to Singer sewing machine No. 7,288,962, style of I. F. B. W. D. C., and that defendant wrongfully detains the same, asking judgment for the title and possession and for costs.

The defendant answered denying the allegations of the plaintiff, and setting up that the machine was imperfect; that it would not perform the work represented by the

plaintiff's agent, J. N. Jenkins, as an inducement to defendant to purchase the same: that it was perfect in all respects and would perform any work intended to be done and performed by any perfect machine, and was of the value of $85, warranting the same accordingly, upon which defendant relied, not having tried the machine, and upon which representations and warranty defendant executed the contract of purchase to the plaintiff; and avers that the machine was not perfect and would not perform the work as represented, and was not of the value of $85, or any other sum, by reason of which there was and is no consideration for said contract.

The defendant further set up her counter-claim that after making the contract she paid the plaintiff $25, as follows: $15, the value of her old sewing machine, and $10 in cash, which the plaintiff retains, to her damage $25; that by reason of the false representations of the plaintiff she was induced to part with her old machine, and has been without the use of one by reason of the worthlessness of the one purchased, and in controversy, for more than thirteen months, to her damage $5 monthly, amounting to $65, and to her full damages in the premises $90, for which she asks judgment.

The plaintiff's motion to strike from the answer the defendant's allegations as to the imperfection of the machine was overruled, and that to strike out the answer setting up a counter-claim was sustained.

There was a trial to a jury June 13, 1889, with a verdict that the right of possession of the property at the beginning of the action was in defendant, and the value of her right $25, with damages for detention at 10 cents.

The plaintiff's motion for a new trial was overruled and judgment entered on the verdict, with exceptions of record. Errors are assigned as follows:

1. The verdict is contrary to the law and evidence.
2. It is not sustained by sufficient evidence.

3. In admitting improper evidence for the defendant as to the quality of the machine in controversy.

4. In giving instructions 1, 2, 3, of the court's own motion.

5. In refusing instructions 2, 3, 4, asked by plaintiff.

6. In excluding proper evidence offered by plaintiff.

7. And giving instructions inconsistent with each other.

8. And in overruling the motion for a new trial.

The cause having been brought to this court on error by the plaintiff, the defendant on the 6th day of May, 1890, made and filed a motion reciting that the transcript of the proceedings filed with the petition in error shows that the judgment of the lower court, which was duly rendered on the verdict, was informally and defectively entered by the clerk of said lower court in the journal thereof, by reason of which no final judgment appears in the transcript, and praying that reasonable time might be granted by this court for the correction of said judgment entry in accordance with the facts, and that defendant be allowed to file herein a certified copy of said judgment as corrected. Whereupon an order was, on the 7th day of said month, duly entered that said motion be sustained upon the filing of an affidavit in support of said motion, etc.

It now appears that no affidavit has been filed in the case, nor has any additional transcript or paper whatever been filed or presented in the case.

I here copy the judgment as it appears in the record: "And now on this 10th day of September, 1889, it being the second day of said term, this cause came on for hearing in open court on behalf of plaintiff, this was called upon hearing the application for a new trial, it was overruled, to which ruling the plaintiffs excepts, and forty days from the rising of the court are allowed for the plaintiff to reduce its bill of exceptions to writing. Judgment is therefore rendered on the verdict for defendant." To which is added, "To which judgment the plaintiff then

and there excepted as being informal and wrong and wholly insufficient."

I also copy the verdict: "We, the jury, being duly impaneled and sworn, do find and say that we find the right of possession of the property at the beginning of the action was in the defendant and the value of her right of possession to be $25 and assess her damages for plaintiff's illegal detention of the property at 10 cents."

This being an action of replevin in which the property had been delivered to the plaintiff, it falls within the provisions of section 190 *et seq.* of the Civil Code. Section 191 provides that "In all cases when the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant"; and 191*a*, "The judgment in the cases mentioned in sections one hundred and ninety, one hundred and ninety-one, and in section one thousand and forty-one of said Code shall be for a return of the property, or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property, and costs of suit."

It will readily be seen by a comparison that the verdict does not strictly comply with the provisions of the statute, as the jury did not find " whether the defendant had the right of property," nor that "she had the right of possession only"; but only the independent fact that the right of possession of the property was in the defendant. There was evidence, as shown by the bill of exceptions, as to the defendant's right of property in the chattel replevied, and that question should have been passed on by the jury in their verdict. Such is the letter of the statute applicable to such cases, and there is sufficient reason why it should be enforced.

47

But the principal error is in the judgment.   In the case of *Hooker v. Hammill*, 7 Neb., 231, it was held that the provision of the statute requiring the judgment in cases like the one at bar, when in favor of the defendant to be in the alternative, is mandatory.   This decision does not rest upon technical grounds only.   But it is the right of plaintiff that the judgment should be in such form that he could discharge it by returning the property replevied.

As there must be a new trial, it is not deemed necessary or proper to examine the other errors assigned.   The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.