CARY A. MANKER v. L. P. SINE.

[FILED NOVEMBER 23, 1892.]

1. **Replevin:** JUDGMENT: ALTERNATIVE FORM. In an action of replevin, where the property has been delivered to the plaintiff, in case a verdict is returned in favor of the defendant, the judgment must·be in the alternative for a return of the property, or the value thereof, in case a return cannot be had, or the value of the possession of the same, and for damages for the unlawful detention. The statute requiring the judgment to be in the alternative form is imperative.

2. **Instructions:** SUFFICIENCY OF EVIDENCE. *Held,* That the cause was submitted to the jury under proper instructions; that the instruction as requested by plaintiff was not applicable to the case, and that the evidence sustains the verdict.

3. **Direction for Alternative Judgment.** The judgment not being in the alternative form, the cause is remanded to the court below to render the proper judgment upon the verdict returned by the jury.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

· *A. N. Sullivan*, for plaintiff in error.

*Wooley & Gibson, contra.*

NORVAL, J.

This was an action of replevin instituted by plaintiff in error to recover the possession of a newspaper printing outfit. The property was taken under the replevin writ, and the possession thereof delivered to the plaintiff. There was a trial to a jury, who returned a verdict finding the right of property and right of possession of an undivided half interest of the property in the defendant at the commencement of the action, and assessed the value of his said interest at the sum of $175, with damages at $1 for the unlawful detention. Plaintiff filed a motion for a new trial, which was overruled by the court, and thereupon the following judgment was rendered:

"It is therefore considered and adjudged by the court that the said defendant recover of and from the said plaintiff the sum of $175 as heretofore by the verdict of the jury found due him as the value of the property in controversy, and also the sum of $1 as damages for the unlawful detention of the same, and his costs in and about this suit in that behalf expended, taxed at $46.33, for which execution is awarded."

A reversal is asked on the ground that the verdict is not sustained by sufficient evidence.

On the 24th day of May, 1889, the property was owned by the plaintiff and one L. P. Sine, each owning an undivided one-half thereof. On that day defendant purchased Mr. Sine's interest for the sum of $250, the plaintiff furnishing defendant the money for that purpose. The defendant also gave plaintiff at said time his promissory note for the said sum of $250, payable $10 each month, with interest at ten per cent. To secure the payment of the note defendant executed and delivered to plaintiff a written instrument which is, in effect, a chattel mortgage upon his interest in the property, by the terms of which plaintiff had the right

to take possession of the property whenever he should feel unsafe or insecure, or in case defendant failed to make the payments as agreed. Plaintiff did not upon the trial claim the right of possession under the terms of the mortgage, but insisted that on the 29th day of October, 1889, by mutual agreement between the parties, plaintiff took the property in settlement of subsequent payments on the note, and that all past due payments were to be paid by defendant, and that afterwards defendant retook possession of the property and then refused to surrender the same. The testimony introduced by the plaintiff upon the trial tended to sustain this theory of settlement. The defendant's testimony is to the effect that no such settlement was made, but that, on the date last stated, he paid plaintiff all sums past due upon the note, which had not been previously paid. Plaintiff contends, and so testified, there was then past due $17.12, while defendant testified that plaintiff had failed to give him credit for all moneys paid; that in fact there was then only due the sum of $11.76, and that he at that time gave plaintiff $18.75, and requested that he be given credit on the note for the amount past due thereon, and that the remainder be applied on his other indebtedness to him. Plaintiff admits receiving the $18.75, but claims that he was directed to apply $3.50 on account for a mattress, $3 as a balance due on a $15 note, and the balance on the $250 note above referred to. By the first instruction the jury were told that if they found from the evidence that the defendant surrendered the property to the plaintiff upon the agreement that he was to be released from further liability on his indebtedness to the plaintiff, then they should return a verdict finding that the plaintiff was entitled to the possession of the property. The conflicting evidence was fairly submitted to the jury by the court, and the verdict being supported by competent legal evidence, and not being against the weight thereof, will not be set aside.

It is conceded that the value of the undivided one-half of the property was $175, the amount assessed by the verdict as being the value of the defendant's interest therein. The fact that plaintiff had a mortgage upon the property for more than the value thereof is no reason why defendant's interest in the property should have been assessed at less than what the property was actually worth. It is not the law, that when a mortgagee replevies the property from the mortgagor before any conditions of the mortgage have been broken entitling the former to the possession of the same in case of the verdict in favor of the defendant in the replevin suit, the amount of a mortgage debt must be deducted from the value of the property in determining the interest of the defendant. It is obvious that such a rule would enable the mortgagee to collect his debt before the same becomes due.

Complaint is made that the second instruction given by the court on its own motion is erroneous, in that it ignored the proposition that if the defendant had not made the payments as required by the terms of the mortgage, or that the plaintiff deemed himself unsafe and insecure, then plaintiff was entitled to the possession of the property. There was no error in failing to so charge the jury, since plaintiff, neither in his petition nor upon the trial, claimed the right of possession by reason of the mortgage, but as the absolute owner of the property. In his petition he alleges that he is the owner of the property, and upon that theory the case was tried.

Error is assigned because the court refused to give the following instruction to the jury, requested by the plaintiff: "The court instructs the jury, as a matter of law, that a sale and delivery of goods on conditions, such as are contained in the bill of sale, or lease offered in evidence, to-wit, that the property is not to vest until the purchase money is paid, does not pass the title to the vendee until the condition is performed, and a vendor, in case the condi-

tion is not fulfilled, has a right to repossess himself of the goods against the vendee; and in this case the court instructs you that by the terms and conditions contained in said bill of sale or lease the title and ownership of the property in controversy did not pass until the payment or the purchase price." Conceding that the above request is correct as a legal proposition, yet there was no error in refusing to so charge the jury, for the reason that it was not applicable to the facts proven. The evidence shows that the transaction was not a conditional sale, but that the instrument given by defendant to plaintiff was, in effect, a chattel mortgage to secure the payment of the money borrowed by the former of the latter. Defendant did not purchase the property of plaintiff, but from Sine, so that we are unable to perceive upon what the plaintiff bases his claim that the property was sold and delivered by him to defendant upon conditions that the title and ownership thereof should not pass until the purchase price was paid. The only inference that can be drawn from the evidence is that the property was pledged to the plaintiff as security.

The judgment is erroneous because it was rendered for money absolutely, and was not in the alternative, for a return of the property, or the value thereof in case a return could not be had, as required by section 191$a$ of the Code. The statute is imperative, that where the property has been delivered to the plaintiff in replevin, in case a verdict is returned for the defendant, the judgment must be for the return of the property, or its value in case it cannot be returned, or the value of the defendant's possession. This statutory provision is mandatory. (*Hooker v. Hammill,* 7 Neb., 231; *Lee v. Hastings,* 13 Id., 508.) In the last case cited there was a stipulation that the property could not be returned, and yet the court held that it did not preclude the necessity of an alternative judgment.

It is argued by counsel for defendant that the statutory provision for alternative judgment is for the benefit of the

defendant alone, and that he has the right to waive a return, and take judgment for the value. Even if this were the true interpretation of the statute, which we do not concede, the record does not disclose that the defendant waived in the court below a return of the property, while it appears that he did pray a return of the property in his answer. Having requested that, the plaintiff had a right t ) expect, in case the verdict was against him, that the judgment would be in the statutory form. It does not appear that the property replevied cannot be returned. We cannot say that the judgment in the case at bar was to plaintiff's benefit. For aught that appears it might be to his injury to pay for the property instead of returning it. We think the plaintiff has the right to insist that the judgment shall be in the alternative. (*Singer Mfg. Co. v. Dunham*, 33 Neb., 686, 690; *Glann v. Younglove*, 27 Barb. [N. Y.], 484; *Fitzhugh v. Wiman*, 9 N. Y., 559; *Wood v. Orser*, 25 Id., 348; *Hall v. Jenness*, 6 Kan., 356.) We are aware that there are cases in other states which hold that the provisions of the statutes requiring a judgment in the alternative in replevin are exclusive for the benefit of the defendant, and that he may waive a return of the property and take judgment merely for the value thereof if he chooses ; but such decisions are based upon statutory provisions materially different from our own, and are therefore not entitled to weight as authorities in this state.

The error in the form of the judgment in the case at bar will not necessitate a new trial, but a proper judgment may be rendered upon the verdict. The judgment is therefore reversed and the cause remanded with instructions to the court below to enter a judgment in the alternative for a return of the property or the value thereof found by the jury, in case no return can be had, and for the damages assessed by the jury for the unlawful detention, with costs.

REVERSED AND REMANDED.

THE other judges concur.