## J. L. Roberson v. John P. Reiter.

Filed November 8, 1893.    No. 4936.

1. **Mortgages:** Escrow: Delivery. Where a mortgage is executed and deposited in escrow with a third person to be delivered to the mortgagee on the performance by the latter of certain conditions, the delivery thereof by the custodian to the mortgagee, without the knowledge or consent of the mortgagor, before the fulfillment of the conditions by the mortgagee, will not have the effect to confer any interest in the mortgaged property upon the latter, or upon an assignee with notice. A mortgage delivered to a third party in escrow, to be by him delivered upon the happening of some contingency, or upon the performance of some condition, does not become effectual as a delivered instrument until such second delivery.

2. **Rulings on Admission of Evidence:** Review. The assignments of error, based upon the rulings of the trial court on the admission of testimony, considered and overruled.

3. **Negotiable Instruments:** Rights of Assignee after Maturity. The assignee of a promissory note and chattel mortgage, who purchased them after maturity, holds them subject to all the defenses which could have been made by the maker had they remained in the hands of the original payee or holder.

4. **Replevin:** Form of Judgment. In an action of replevin, where the property replevied has been delivered to the plaintiff under the writ, in case the verdict finds for the defendant, the judgment must be in the alternative for a return of the property, or the value thereof, or the value of the possession of the same, and for damages.

5. ——: ——: Review: Practice. Where the judgment is not in the alternative form, a new trial will not be granted by the supreme court for that reason, but the cause will be remanded to the trial court to render the proper judgment upon the verdict.

Error from the district court of Red Willow county. Tried below before Cochran J.,

The facts are stated in the opinion.

Roberson v. Reiter.

*J. L. Roberson* and *H. J. Whitmore,* for plaintiff in error:

The note and mortgage are admitted, and also default in the payment thereof. The plaintiff is therefore entitled to the possession of the property, unless the defendant can establish payment or satisfaction of the mortgage in some way. (*Case Threshing Machine Co. v. Campbell,* 14 Ore., 460; Jones, Chattel Mortgages, sec. 706, and cases cited; *Holland v. Griffith,* 13 Neb., 473; *Lathrop v. Cheney,* 29 Neb., 456.)

The court erred in not rendering an alternative judgment. (*Lee v. Hastings,* 13 Neb., 511; *Hooker v. Hammill,* 7 Neb., 236; *Frey v. Drahos,* 7 Neb., 201.)

*W. S. Morlan,* and *W. R. Starr, contra:*

The irregularity in the form of the judgment was not called to the attention of the trial court. No motion was made to correct the same. In this case, if there was error, it was error without prejudice. (*Armstrong v. Lynch,* 29 Neb., 91.)

NORVAL, J.

This was an action of replevin by J. L. Roberson against John P. Reiter to recover the possession of certain personal property. From a verdict and judgment in favor of defendant, plaintiff prosecutes error.

Plaintiff claims the right to the possession of the property by virtue of a chattel mortgage given by the defendant to one Henry Schneider, and by the latter assigned to the plaintiff. It appears from the record that on December 19, 1888, defendant, being the owner of the property in dispute, executed a chattel mortgage thereon to Henry Schneider, to secure the payment of a promissory note calling for $500, payable September 1, 1889. The execution of the note and mortgage is admitted. The defendant,

however, insists that he never delivered them, or author-
ized their delivery, to the payee and mortgagee, but the
same were placed in the hands of one George H. Grubb,
to be held by him as escrow; and that subsequently, with-
out the knowledge or consent of the defendant, the note
and mortgage were turned over by Grubb to Schneider,
without the terms and conditions upon which they were
held having been complied with. This is disputed by the
plaintiff. After the maturity of the note, it, with the
mortgage securing the same, was assigned to the plaintiff,
without the delivery of either the note or mortgage, for
the consideration of $100. Defendant refusing to sur-
render the mortgaged property, this action was instituted
to recover the possession thereof.

Plaintiff contends that the verdict should have been in
his favor, and that the trial court erred in not so directing
the jury. We are unable to adopt this view of the case.
It is undisputed that one Henry Schneider was the owner
of an undivided one-half interest in a brewery, situated
near the town of Indianola, which was incumbered by
mortgage to the amount of $1,500. He entered into a
contract for the sale of his interest in the brewery, and the
personal property contained therein, to the defendant, and
the note and chattel mortgage involved in this suit' were
executed to secure the payment of the purchase price, and
the same were deposited in escrow with George H. Grubb,
an attorney of Indianola, to be delivered to Schneider on
the performance by the latter of certain conditions as spec-
ified in such contract. There is a direct conflict in the tes-
timony as to the terms under which the note and mortgage
were held by Mr. Grubb, and whether the same were de-
livered to Schneider by the custodian in violation of the
stipulations of the agreement.

The defendant testified unequivocally that the agreement
between all the parties was that the note and mortgage
were to be placed in the possession of Mr. Grubb, to be

held until Mr. Schneider should procure a release of the incumbrance upon the brewery, and that likewise the latter execute to defendant a warranty deed covering the brewery property, which conveyance was to be left with Mr. Grubb, who was to retain all the papers until both parties were satisfied that the conditions of the sale had been complied with, when the deed was to be delivered to the defendant, and the note and chattel mortgage to Mr. Schneider; that shortly after the execution and delivery of the note and mortgage to Mr. Grubb, the latter, on the execution and delivery to him of said deed, unknown to defendant, surrendered the note and mortgage to Mr. Schneider, without the fulfillment by him of the said stipulations of the contract. That the incumbrance upon the brewery has never been paid or released of record, is conceded.

The defendant is fully corroborated as to the terms of the sale by the testimony of one Charles H. Oman, who was called by the parties to witness the verbal agreement. The evidence of the defendant and Oman is disputed by the testimony of Henry Schneider, who denies under oath that he agreed to lift the mortgage on the brewery, but testifies that Reiter, as a part of the consideration, assumed and agreed to pay the same. This evidence is weakened by the deed executed by him, the same containing full covenants of warranty, without any mention therein that the grantee assumed the payment of the mortgage on the property, as it doubtless would have stipulated if such had been the understanding of the parties. The jury were the judges of the weight to be given to the conflicting testimony, and after a careful perusal of the evidence contained in the bill of exceptions, we are satisfied that they were justified in finding that the contract was as testified by the defendant and his witnesses, and that the note and chattel mortgage were delivered to Schneider by the custodian without authority and in violation of the conditions of the contract. They, therefore, have no validity.

The rule is that where a mortgage is signed and deposited in escrow with a third person to be delivered to the mortgagee on the performance by the latter of certain conditions, the delivery by the custodian to the mortgagee, without the knowledge or consent of the mortgagor, and without the fulfillment of the conditions precedent by the mortgagee, will not have the effect to confer any interest in the mortgaged property upon the latter or his assignee with notice. The proposition is too well sustained by the adjudicated cases to require the citation of authorities to sustain it.

Plaintiff lays considerable stress upon the fact that the defendant wrote Schneider in the latter part of July, 1889, that he would pay $250 on the note on August 1, and the balance when due, requesting that the latter send the note to the bank or some person in Indianola that he might see the credit indorsed thereon when the payment was made. This letter, unexplained, would be held to be a recognition by the defendant of Schneider's possession of the note as valid, but in view of other testimony in the record it should not be so regarded. The defendant explains why the letter was sent. He testifies that he wrote it under the advice of counsel in order to prevent the payee from transferring the note to an innocent party before the maturity thereof. There is evidence in the record tending to show that the defendant never recognized the validity of the deed to the brewery, and that he never took possession of the property. Plaintiff was in no way deceived by this letter. It does not appear that he had any knowledge of its contents until after the bringing of the suit. Nor is plaintiff an innocent purchaser, he having taken an assignment of the note and mortgage long after the same fell due, with notice that the defendant disputed their validity. He was aware at the time he was purchasing a lawsuit.

Plaintiff in his brief cites authorities in support of the proposition that where the existence of a chattel mortgage is admitted, and there is a default in payment of the debt

which it was given to secure, the mortgagee is entitled to the possession of the property, unless the defendant establishes payment or satisfaction of the mortgage debt. The decisions have no application to this case. If the delivery of the note and mortgage was unauthorized, as the proofs tend to establish, and the jury by their verdict so found, then the instruments never had any legal existence, which is a complete defense to an action for the recovery of the possession of the property.

We observe no error in the admission of the testimony regarding the incumbrance on the brewery, since the payment thereof was one of the conditions to be performed by Schneider before the note and mortgage were to be delivered to him. It was certainly competent to prove that this was one of the terms upon which the papers were left in the hands of Grubb, and that the grantee in the deed never paid the incumbrance upon the real estate therein described. The evidence was pertinent and proper for the purpose of showing that the delivery of the note and chattel mortgage by the depository in escrow was fraudulent and void. Plaintiff is mistaken in supposing that the defense in the case at bar is in the nature of a set-off or counter-claim. No such a defense was raised or attempted to be interposed here. If the chattel mortgage ever had any legal existence, and the defendant had paid the incumbrance on the brewery, and set up the breach of the covenants in the deed against incumbrances to defeat plaintiff's action, then there would be some ground for plaintiff's contention that neither offset nor counter-claim is available in an action of replevin. The defense interposed goes to the right of the plaintiff to maintain his suit. If the note and mortgage were invalid, plaintiff was not entitled to the possession of the property. That is plain.

Error is assigned in admitting the testimony of the witness Oman. This is the person who was called by the parties for the purpose of being a witness to the bargain.

Roberson v. Reiter.

The conversation between Schneider and Reiter in the presence of Oman was part in English and part in German. The witness did not understand what they said in German. He testified to what was spoken in English. The objection to his testimony is that, as the witness did not know what was said in German, it was error to permit him to state any part of the conversation. The rule that a witness must give the whole of a conversation, and not a part, should not apply here, as there is not a particle of evidence to show that any portion of the contract was made in a foreign language; while, on the other hand, the presumption is strong that it was not so made, inasmuch as Mr. Oman was called for the express purpose of being a witness to the contract, and it was known to both parties that he had no knowledge of the German language.

There was no error in admitting the testimony of Henry Crabtree as to the value of the property taken under the replevin writ. He showed himself acquainted with the value of the property, and competent to testify upon that subject.

Objection is made to the giving of the following instruction asked by the defendant:

" 4. An assignee of a promissory note and chattel mortgage, who takes them after maturity, is supposed to have notice of any defense that exists against them, and such defense may be made as effectually against the note and mortgage in the hands of such assignee or holder as if the suit had been brought by the original payee or holder of said note and mortgage."

The foregoing correctly stated the law, and was applicable to the case made by the evidence. The court did not err in giving the same, or in refusing to instruct the jury as requested by the plaintiff. The most of the instructions asked by the plaintiff were, in effect, that the jury should return a verdict in his favor, and the others were not based upon any issue in the case.

The judgment is erroneous in that it was not in the alternative, for a return of the property, or its value in case it cannot be returned, but was rendered for money absolutely. It has been repeatedly held by this court that where, in an action of replevin, the property has been taken under the writ and delivered to the plaintiff, in case of a verdict in the defendant's favor, the judgment must be in the alternative form. (*Hooker v. Hammill*, 7 Neb., 231; *Lee v. Hastings*, 13 Neb., 508; *Singer Mfg. Co. v. Dunham*, 33 Neb., 686; *Manker v. Sine*, 35 Neb., 746.)

Defendant insists that there is no error in not rendering an alternative judgment, for the reason that the record shows that the plaintiff could not return the property to the defendant if he so desired. It does appear that one of the mules died before the trial in the court below, but it is not shown that the rest of the property replevied cannot be returned. It was advertised and sold under the mortgage, but who became the purchaser is not disclosed by the record.

Again, it is urged that the error in the form of the judgment cannot avail the plaintiff because the attention of the court below was not called to the defect in the motion for a new trial. We are unwilling to adopt that view. A defect in judgment need not be pointed out in a motion for a new trial. Indeed, the filing of such a motion usually, and very properly, precedes the rendition of the judgment, and it could not be known in advance, at the time the motion is presented, that there will be errors, irregularities, or defects made in the rendition of the judgment. The decision in *Armstrong v. Lynch*, 29 Neb., 87, has no application to the question under consideration. In that case there was a defect in the form of the verdict in replevin, the jury having found the value of the property taken by the sheriff under writs of attachment, but not the special interest of the officer. No objection was made as to the form of the verdict in the motion for a new trial, and judgment having been rendered in favor of the sheriff for the actual

amount due upon the writs, it was held that the judgment would not be reversed for such defect in the verdict.

In *Manker v. Sine, supra*, it was held, in a case similar to the one at bar, that where a judgment in favor of the defendant in an action of replevin is not in the alternative form, a new trial will not be granted for that reason, but that the cause will be remanded to the trial court to render the proper judgment upon the verdict of the jury; and this case will take that course. The judgment is reversed and remanded, with instructions to the district court to enter judgment in the alternative for a return of the property or the value thereof, in case no return can be had.

REVERSED AND REMANDED.