Goodwin v. Potter.

VICTOR C. GOODWIN V. CHARLES W. POTTER ET AL.

FILED MAY 15, 1894.    NO. 5274.

1. **Replevin:** .JUDGMENT. In an action of replevin, where the property has been taken under the writ and delivered to plaintiff in the case, and the jury find for the defendant, the judgment must be in the alternative, for the return of the property, or its value if a return cannot be had. The statutory provision requiring that the judgment shall be as before stated is imperative and mandatory.

2. ———: VERDICT: REVIEW. Where the verdict of a jury in an action of replevin (the property in controversy having been taken under the writ and delivered to plaintiff) was for defendant, but did not contain an assessment of the value of the property or of the defendants' interest therein, *held*, that the verdict was insufficient and fatally defective, and a judgment in the alternative, for the return " of the property, and in case a return cannot be had, for the value thereof, of $90.50," was not supported by the verdict, and was erroneous and prejudicial to plaintiff.

ERROR from the district court of Brown county. Tried below before KINKAID, J.

*L. K. Alder* and *Alex. Altschuler,* for plaintiff in error.

*R. M. Logan, contra.*

HARRISON, J.

The plaintiff in error, who was plaintiff in the lower court, on or about April 10, 1890, commenced an action of replevin before a justice of the peace in Brown county to recover the possession of certain personal property which he alleged belonged to him, and of which he was entitled to the immediate possession. The property was taken under the writ of replevin and delivered to plaintiff. The trial before a justice of the peace and a jury, held April 21, 1890, resulting in a verdict for Kingery, one of the defendants, which was as follows:

"We, the jury in this case, being duly impaneled and sworn in the above case, do find and say that at the time of the commencement of this action the right of property and right of possession to the same was in the defendant J. M. Kingery, and assess his damages in the sum of $1."

And the justice rendered judgment thereon in words and figures following, to-wit:

"It is therefore considered, ordered, and adjudged by me that the defendant J. M. Kingery have and recover of the plaintiff a judgment for the return of the property in question, and in case a return cannot be had, for the value thereof, of $90.50, and that he recover the amount of damages of $1, and costs of this suit, taxed at $39.55."

The transcript of the record of the proceedings before the justice shows that the docket contained these further entries, viz. :

"April 21, 1890, issued order for the return of the property, which was on the 23d day of April returned as follows :

"'Received the above described property.

"'J. M. KINGERY.'

"Said order is hereto attached and marked Exhibit 'A' and made a part hereof.      O. C. BARTLETT,

"*Justice of the Peace.*

" ' EXHIBIT "A."

" ' In the Justice Court held before me, O. C. Bartlett, in and for Ainsworth Precinct, Brown County, Nebraska, April 21, 1890.

" ' V. C. GOODWIN, PLAINTIFF,  
      v.  
C. W. POTTER, J. M. KINGERY,  
  AND F. HOLUBAR, DEFENDANTS.

" ' Whereas, in an action pending in this court, J. M. Kingery recovered the following described property : One spotted bull, one red cow and calf, one red and roan cow and calf, one spotted cow, three yearling heifers: You are therefore ordered to deliver to J. M. Kingery, or his agent, the above described property upon demand.

       " ' O. C. BARTLETT,  
        " ' *Justice of the Peace.*'

" ' April 21, 1890.   Deliver the above property to W. H. Magill.       J. M. KINGERY.

" ' Received the above described property.  
        " ' J. M. KINGERY.' "

The plaintiff removed the case to the district court of Brown county by petition in error and in the district court filed a motion, the object and purpose of which was to have stricken from the transcript of the justice's record all that appeared therein after the entry of the judgment and the name of the justice signed thereto.

The errors upon which the case, according to the record, was argued and determined in the district court were that the verdict was defective and irregular, in that it did not find the value of the property, or the value of Kingery's right of possession, and that the justice erred in rendering any judgment upon such a verdict, it being insufficient to support the judgment entered by the justice.   The following entry contains the findings and decision of the district court:

"O'NEILL, NEBRASKA, 4–13–1891.

*C. F. Boyd, Esq., Clerk, Ainsworth*—DEAR SIR: Herein files in Goodwin v. Potter and Kingery. For the benefit of counsel who may wish to know my reasons for my decision I will say that I decide the case upon the following propositions:

"1. It was positive error for the justice to make a finding of the value of the property (the jury having failed to do so) and render a judgment on such finding, together with a verdict of the jury.

"2. It appears by the justice's transcript, and not simply by Mr. Kingery's receipt on the original papers (as I had it in my mind when at Ainsworth), that the property had been returned.

"3. The question then decisive of the case is whether the error committed is prejudicial to the plaintiff, and I am of the opinion it is not—not for the reason merely that plaint- iff may have waived it by a voluntary surrender of the property (which I claim he did not), but for the reason that the property has in fact been received by the defendant and it is therefore impossible now for the defendant to enforce that portion of the judgment based on the finding of value,—the other alternative having been satisfied, that is also satisfied,—and I cannot possibly conceive how the plaintiff has been prejudiced.

"4. This mere formal grievance could have been redressed by appeal, not by error. Judgment affirmed.

"Truly,          M. P. KINKAID, *Judge.*"

The case is brought here by plaintiff on petition in error to obtain a review of the action of the district court.

The main question presented for decision is, was the verdict in the case, in that it failed to find any value to the property, so defective that no judgment could be rendered thereon? Section 1041 of our Code, in reference to the action of replevin before justices of the peace, is as follows: "If the property has been delivered to the

Goodwin v. Potter.

plaintiff, and judgment be rendered against him, or if he otherwise fail to prosecute his action to final judgment, the justice shall, on application of the defendant, or his attorney, impanel a jury to inquire into the right of property and right of possession of defendant to the property taken. If the jury shall be satisfied that the said property was the property of the defendant at the commencement of the action, or if they shall find that the defendant was entitled only to the possession of the same, at such time, then in either case they shall assess such damages for the defendant as are right and proper, for which, with costs of suit, the court shall render judgment for the defendant. And in all cases where the property has been delivered to the plaintiff, unless the jury shall find for the defendant, they shall also find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant, for which, with costs of suit, the court shall render judgment for the defendant." And section 191a further provides: "The judgment in the cases mentioned in sections one hundred and ninety and one hundred and ninety-one, and in section one thousand and forty-one of said Code, shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property, and costs of suit."

The language of the last section leads to the conclusion that the judgment must conform to its requirements in all respects, or in all essential particulars. In *Manker v. Sine,* 35 Neb., 746, it was held: "In an action of replevin, where the property has been delivered to the plaintiff, in case a verdict is returned in favor of the defendant, the judgment must be in the alternative, for a return of the property, or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for

the unlawful detention. The statute requiring the judgment to be in the alternative form is imperative;" and in the text of the opinion it is said in referring to the above section 191a: "The statute is imperative‚ that where the property has been delivered to the plaintiff in replevin, in case a verdict is returned for the defendant, the judgment must be for the return of the property, or its value in case it cannot be returned, or the value of the defendant's possession. This statutory provision is mandatory. (*Hooker v. Hammill,* 7 · Neb., 231; *Lee v. Hastings,* 13 Neb., 508.) * * * We think the plaintiff has a right to insist that the judgment shall be in the alternative." It being established that the judgment must be in the alternative, it follows that the verdict must be one upon which such a judgment could be based,—a verdict in form and substance sufficient to support the judgment prescribed by law. The justice of the peace had no power to supply the finding of value and enter the judgment that he did, since the jury had not assessed the value by their verdict. The statute imperatively directs that the judgment must be rendered in the alternative, and the justice had no discretion. He must, if he rendered judgment, enter an alternative one; and as the verdict of the jury was not only irregular and insufficient in substance, in that it contained no finding of value, no such judgment as was strictly required by statute could be predicated upon it. The judgment could not be extended in substance beyond the verdict upon which it depended, or from which it derived its force and validity. The verdict did not assess or name any value, omitted an imperative requirement of the law, and it was error to enter any judgment upon it, and prejudicial to plaintiff. (See *Meeker v. Johnson,* 28 Pac. Rep. [Wash.], 542; Wells, Replevin, sec. 760; Cobbey, Replevin, secs. 1061, 1062; *Archer v. Long,* 11 S. E. Rep. [S. Car.], 86; *Singer Mfg. Co. v. Dunham,* 33 Neb., 686.) The value of the property was put in issue by the pleadings, and was one of the

essential facts in controversy, to be determined by the jury, and the verdict, wherein it failed to find upon this issue, was defective and incomplete. (*Meeker v. Johnson, supra.*) It follows, if the judgment was unwarranted by the verdict and invalid, that what was done under it could and did not cure the error; and the fact that an order was issued and the property taken from the plaintiff by virtue of it did not operate to deprive the plaintiff of the right to have the case reviewed and, if any prejudicial error discovered, reversed. The decision of the lower court is reversed and the case remanded for further proceedings according to law.

REVERSED AND REMANDED.