MARSHALL FIELD ET AL. V. D. A. LUMBARD ET AL.

FILED JANUARY 3, 1898.  No. 7729.

**Replevin: JUDGMENT: BOND: LIABILITY OF SURETIES.** Where, in a replevin suit, the defendant recovers and judgment is entered absolutely for the value of the property, and not in the alternative, for a return, or its value if a return cannot be had, the sureties on the replevin bond are not liable for the satisfaction of such judgment.

ERROR from the district court of Dodge county. Tried below before MARSHALL, J.  *Affirmed.*

*Montgomery & Hall* and *Fred W. Vaughan,* for plaintiffs in error.

*W. J. Courtright, contra.*

IRVINE, C.

This was an action on a replevin bond, in which a judgment of dismissal was obtained by the defendant. In the replevin action there had been a finding or verdict for the defendants therein, but the judgment was for the

value of the property only, and not in the alternative, for a return thereof or its value, as the statute requires; and the defendant herein, the surety on the bond, asserted that he was discharged because of this irregularity. A consideration of this question renders unnecessary an examination of the other questions involved.

It was in one case suggested, without decision, that the provision for an alternative judgment is solely for the benefit of the defendant, and that the plaintiff cannot on that account complain. (*Goodman v. Kennedy*, 10 Neb. 270.) That suggestion was contrary to two prior decisions, holding the requirement mandatory. (*Hooker v. Hammill*, 7 Neb. 231; *Moore v. Kepner*, 7 Neb. 291.) The doctrine of the earlier cases has since several times been reaffirmed. (*Singer Mfg. Co. v. Dunham*, 33 Neb. 686; *Manker v. Sine*, 35 Neb. 746.) It must now, therefore, be taken as established that the requirement is mandatory, and that either party may insist upon its observance. It was further held in *Goodman v. Kennedy* that before the plaintiff can be heard to complain that the judgment was absolute, he must make it appear that a return is practicable. This case was cited on this point in the recent case of *Eickhoff v. Eikenbary*, 52 Neb. 332, but the point was not there considered necessary to a decision, and was guarded accordingly. In *Manker v. Sine* the burden of proof was otherwise stated, and it was made the duty of the defendant to show that a return could not be had. In the case before us nothing appears to show whether or not a return could be had; but we do not think it necessary here to determine where, in a suit between the parties, the burden of proof lies; because, where the action is against the surety on the bond, other principles govern. If, in the original action, the burden is upon plaintiff, it must be because the information and means of proof lie especially in his possession,—a consideration which does not apply to his surety. In *Dorrington v. Meyer*, 8 Neb. 211, it was held that the sureties cannot complain because the judgment is not in the alternative.

The opinion treats this point very briefly, giving as a reason that the sureties may appear in the replevin suit and have judgment properly entered, and if they fail to do so they are bound. The question recurred in *Lee v. Hastings*, 13 Neb. 508, and the judgment was reversed apparently for the reason that the replevin judgment was not in the alternative. In *Lee v. Hastings* the parties to the replevin suit stipulated for an absolute judgment, but this was not considered as distinguishing the case from *Dorrington v. Meyer*, because the argument seems rather to have been that the stipulation had the opposite effect, for the court said: "Even where such a stipulation is entered into it does not preclude the necessity for a formal judgment in the form required by statute." The decision was reasoned wholly on the theory that the statute formed a part of the obligation and that the sureties were entitled to have their contract construed according to its terms; that their liability could not be enlarged by any disregard of the requirements of the law. The same judge wrote both opinions, and in *Lee v. Hastings* he says that *Dorrington v. Meyer* "has no application to the facts of this case." As the difference was clearly not found in the fact that there was a stipulation in the later case, we can only account for that language by supposing that the fact that the bond in *Dorrington v. Meyer* was given, and perhaps the replevin judgment there considered was rendered, before the enactment of the statute requiring an alternative judgment, was what controlled the court in the former case. In that view *Lee v. Hastings* rules this case without any conflicting case to embarrass us; in any other view *Lee v. Hastings* must be treated as having overruled *Dorrington v. Meyer*, and so governing the present case, as being the later expression. Moreover, we think the doctrine of *Lee v. Hastings* the better. As there said, the sureties contract with a view to an alternative judgment if the plaintiff should be unsuccessful. They are discharged, *pro tanto* at least, by a return of the property if the judgment be regular; but

if the judgment be absolute, a return of the property would not satisfy it, and their liability would be thereby increased. Nor do we think that it is their duty to appear in the replevin suit and see that the judgment is proper. It is rather the duty of the defendant therein to see that the judgment is such that it will protect him, than for the sureties, who are not parties, to appear and see that it is of such a character that it will bind them. *Eickhoff v. Eikenbary*, above referred to, is not opposed to this view. It was there held that the execution need not be in the alternative, because the statute does not so provide, and because it is the plaintiff's affirmative duty to return the property. The sureties can nevertheless insist that the judgment, by following the statute, makes it possible for the plaintiff to perform that duty and so satisfy the judgment. The judgment of the district court being in accordance with this opinion, it is

AFFIRMED.