O. E. MARTIN V. CHARLES FOLTZ.

FILED MARCH 3, 1898.   No. 7912.

1. **Animals:** POUND-KEEPER'S FEES: LIEN. Where a village ordinance provides for impounding animals found running at large, and fixes certain fees which must be paid before the animal will be released, no lien is created for any fees or charges not included within those specified.

2. **Replevin:** JUDGMENT. In replevin, where the plaintiff has taken the property and the verdict is for the defendant, the judgment must be in the alternative for a return of the property or its value if a return cannot be had.

ERROR from the district court of Dixon county. Tried below before NORRIS, J. *Reversed.*

*A. A. Welch* and *O. E. Martin,* for plaintiff in error.

IRVINE, C.

The plaintiff in error was the owner of an animal described in the record as "one red cow, dehorned, with white spot between fore legs." An ordinance of the village of Wakefield, the habitat of this animal, forbade cattle, horses, mules, sheep, and swine to run at large in the

village.   The cow transgressed the ordinance, and was, in pursuance of its provisions, taken up by the defendant in error, who was marshal of the village.   Several days thereafter the plaintiff tendered to him $2 and demanded the cow.   The defendant thought himself entitled to $2.25, and refused to deliver up the cow on payment of any less sum.   Then the plaintiff replevied the cow, and thus a dispute about 25 cents reaches us for adjustment, an appeal to the district court having resulted in a judgment for the defendant.

An examination of the record convinces us that there was error in the proceedings and that the judgment must be reversed.   The petition was in the ordinary form, claiming a general ownership.   The answer, after a general denial, pleaded the ordinance, the official position of the defendant, the taking of the cow, and a lien thereon for $2.25, "fees for impounding, caring for, and advertising said animal under said ordinance."   The reply admitted all the averments of the answer except as to the amount of the lien.   The ordinance provided that "before the marshal shall deliver any such animal or animals to the owner thereof he shall be entitled to and shall receive the sum of fifty cents per head for all horses, cattle, or mules, and twenty-five cents per head for sheep or swine taken up by him, and twenty-five cents per head for each day or fraction thereof for feeding or taking care of such animals, after the first day."   The amount claimed by the defendant included the sum of 25 cents for advertising for the owner to call for the cow.   The ordinance provides for no such process.   It does provide that if the owner be not known, the marshal shall advertise and sell the animal, as provided by statute in case of estrays; but the time had not elapsed when by virtue of that statute advertising may be begun, nor had any of the preliminary steps required by that statute been taken.   (Compiled Statutes, ch. 27.)   No rights could therefore be claimed under the statute, either directly or by reason of the attempt of the ordinance to extend its

provisions. The ordinance fixed and limited the charges which could be made, and neither provided for advertising nor for adding a charge therefor to the lien. An instruction limiting the inquiry to the items fixed by ordinance was refused and none was given on the subject. It was error to refuse the instruction.

The judgment was for $2.25 and costs, and not in the alternative as the statute in such cases requires. This was also error. (*Hooker v. Hammill,* 7 Neb. 231; *Moore v. Kepner,* 7 Neb. 291; *Singer Mfg. Co. v. Dunham,* 33 Neb. 686; *Mankar v. Sine,* 35 Neb. 746; *Field v. Lumbard,* 53 Neb. 397.)

REVERSED AND REMANDED.