[Civ. No. 5373. First Appellate District, Division Two.—March 29, 1926.]

## B. M. BENSON, Respondent, v. JULIUS OLENDER et al., Appellants.

[1] REPLEVIN—ACTION ON BOND—JUDGMENT—VERDICT—PRESUMPTIONS —APPEAL.—In an action against the sureties on a replevin bond, where the record on appeal shows that the verdict of the jury in the replevin suit was in the alternative, but the judgment entered was merely for the value of the property, it may not be presumed that the evidence demonstrated that the property could not be returned.

[2] ID.—JUDGMENT—VERDICT—LIABILITY OF SURETY.—The sureties on a replevin bond are not bound to pay the judgment rendered in the replevin action, where the verdict in such action was in the alternative, but judgment was entered merely for the value of the property, and not for a return of the property, or if return could not be had, then for the value thereof.

(1) 4 **C. J.**, p. 788, n. 50.   (2) 33 **C. J.**, p. 1169, n. 36; 34 **Cyc.**, p. 1528, n. 38, p. 1540, n. 53, p. 1548, n. 17.

APPEAL from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Reversed.

The facts are stated in the opinion of the court.

Lewis H. Smith and Claude L. Rowe for Appellants.

Glenn M. DeVore and B. M. Benson for Respondent.

LANGDON, P. J.—The defendants appeal from a judgment against them as sureties on a replevin bond. The following facts appear from the findings of the court:

On December 12, 1922, Sam Caplan and I. H. Caplan commenced an action in the superior court of the state of California, in and for the county of Fresno, against one S. S. Smith. Said action was in replevin, the plaintiffs therein claiming to be entitled to the possession of certain personal property then in the possession of defendant. A

2.  See 5 **Cal. Jur.** 216.

writ of replevin issued and the goods were seized by the sheriff and delivered to the plaintiffs. The defendant Smith filed an answer in said action, demanding the return of the property or its value, alleged to be $4,000. The plaintiffs in said action filed a replevin bond signed by Olender and Samuels, defendants herein, which bond contained the following clause: "Now therefore, we, the undersigned, residents of the said County, in consideration of the premises and of the delivery of the said property to the said plaintiffs do hereby undertake and acknowledge to the effect that we are jointly and severally bound in the sum of Eight Thousand Dollars, being double the value of said property as stated in said affidavit, for the prosecution of the said action, for the return of the said property to the said defendant, if return thereof be adjudged, and for the payment to the said defendant of such sums as may from any cause be recovered against the said plaintiffs."

Thereafter, said replevin action came regularly on for trial on April 28, 1924, and judgment was entered in favor of the defendant Smith and against the plaintiffs Sam Caplan and I. H. Caplan in the sum of $1,750, together with costs. Said judgment became final and a writ of execution issued thereon was returned unsatisfied. Demand was made upon the defendants herein as sureties on the bond to pay the amount of the judgment and they refused to do so. Smith assigned the judgment in the replevin action to plaintiff, and the defendants, on November 6, 1924, paid $721.95 upon the same, leaving a balance due thereon of over $1,200.

Incidentally, in June, 1924, a certain action was filed in the superior court of the state of California, in and for the county of Fresno, by the Caplan Finance Corporation against S. S. Smith, the defendant in the original replevin action, and his wife. In said action brought by the Caplan Finance Corporation a writ of attachment was issued and served upon Sam Caplan and I. H. Caplan, which attached all the money, goods, debts, etc., or other personal property belonging to said S. S. Smith in the possession or under the control of said Sam and I. H. Caplan. Prior to the trial of the present action said writ of attachment in the case of *Caplan Finance Corp.* v. *Smith* was dissolved by order of court.

The first objection made upon the present appeal is that
the defendants herein are not bound to pay the amount of
the judgment rendered in the prior action of *Caplan* v.
*Smith* for the reason that said judgment was not entered in
the alternative for a return of the property, or if return
could not be had, then for the value thereof. The verdict
of the jury was in the alternative, but, as recited in the
findings herein, the judgment entered was merely for the
value of the property. The sureties claim to have been
deprived of a substantial right in that their principal may
not satisfy the judgment by returning the property.

Respondent claims the instant case falls within the excep-
tion to the general rule, namely, that where it is established
that the property cannot be returned, the judgment need not
be in the alternative. [1] We might indulge in the pre-
sumption of the regularity of the judgment and conclude
that the evidence in the replevin suit indicated that the
property could not be returned were it not for the fact that
the verdict of the jury was in the alternative, and as the
jury is the trier of the facts, we may not presume in the
face of its verdict in the alternative that the evidence demon-
strated the property could not be returned. [2] And this
brings us to another objection to this judgment in the re-
plevin action, which is that it is in violation of section 664
of the Code of Civil Procedure, which provides that a
"judgment must be entered in conformity to the verdict."
Said section declares that "in no case is a judgment ef-
fectual for any purpose until so entered."

In *Nickerson* v. *California Stage Co.*, 10 Cal. 520, it was
said: "The defendant objects that under our statute there
should have been a finding of the value in the replevin suit,
and an alternative judgment for the return of the property
or the payment of its value. This would have been neces-
sary to enable the plaintiff to recover against the sureties
on the replevin bond but the failure to do so cannot affect
his rights as to the defendants."

The case of *Field* v. *Lumbard*, 53 Neb. 397 [73 N. W.
703], considers the question involved upon this appeal, say-
ing: " . . . the sureties contract with a view to an alterna-
tive judgment if the plaintiff should be unsuccessful. They
are discharged, *pro tanto* at least, by a return of the prop-
erty if the judgment be regular. But, if the judgment be

absolute, a return of the property would not satisfy it, and their liability would be thereby increased. Nor do we think that it is their duty to ·appear in the replevin suit, and see that the judgment is proper. It is rather the duty of the defendant therein to see that the judgment is such that it will protect him than for the sureties, who are not parties, to appear and see that it is of such a character that it will bind them.''

In *Gallarati* v. *Orser*, 27. N. Y. 324, it was said: ''In this case there was a judgment for damages only, and not for a delivery to the plaintiff of the property of which replevin was sought. This was a departure from section 277 of the code, which prescribes the terms of a judgment. It is required to be for the possession, or for the recovery of the possession, or for the value thereof in case a recovery cannot be had, and of damages for the detention. The plaintiff is not entitled to waive the claim to the possession, and to have an absolute judgment, in damages, to the value of the property. . . . But we are not to assume that the court would not, if the plaintiff had required it, have rendered a legal judgment which would have concluded not only the defendant, but his sureties and the sheriff. The consent of the plaintiff to take a judgment not appropriate to the action, or warranted by law, would, if the sureties and the sheriff were concluded, be changing their contract in a most material point. We cannot say but, if a proper judgment and an execution in conformity with it had been issued, the bail or the sheriff would have found the property and have caused it to be taken and delivered to the plaintiff on the writ of *retorno habendo*. One of the most common principles in the law of principal and surety is that the latter cannot be charged beyond the fair import of his undertaking, nor where there has been any substantial change of the contract of the party for whose performance he has become responsible. To hold the defendant liable in this case would be a palpable denial of that principle.''

The case of *Thomas* v. *Irwin,* 90 Ind. 557, is also in favor of the appellants upon the question raised, as are various other cases cited in their briefs which we shall not discuss herein.

There is also another objection made by appellants to the judgment in the instant case, which grows out of the con-

tention that the action was prematurely brought because at the time it was commenced Sam and I. H. Caplan, the principals on the replevin bond, were restrained by a court order from paying the amount of the judgment in the replevin suit. This contention is based upon the facts with relation to the attachment in the suit of *Caplan Finance Corp.* v. *Smith,* mentioned heretofore. However, we need not discuss the legal situation created by this incident because the matter previously considered · is decisive of the appeal.

The judgment is reversed.

Sturtevant, J., and Nourse, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1926.