JUDGE HARDIN
delivered the opinion op the court.
This appeal seeks the reversal of a judgment for one hundred dollars, recovered by the appellee for the value of a horse, which the appellants caused to be levied on and sold under an execution against the appellee, and which he claimed as exempt from execution.
The provisions of the statute exempting the property of a debtor from sale under execution have been decided to apply only to the case of a housekeeper with a family (Gunn v. Gudehus, 15 B. Monroe, 447); and we think the family contemplated are those who reside with or compose the household of the debtor.
It was proved on the trial that the plaintiff, who was a practicing physician, and used the horse, the only one he owned, as a riding-horse, was a widower with two daughters of tender age, whom he kept in the care of his mother, providing for them, and sending one of them to school from his mother’s house, while he himself occupied a single room, about one mile distant, as an office and dwelling, without servants or other family than his children, who were sometimes with him at his office, where he lodged and cooked and ate his meals. Was he a housekeeper in the meaning of the statute referred to, with a family residing with him? Poorly provided as he seems to have been for housekeeping, we do not doubt that in legal contemplation he was a housekeeper. But had he a family residing with him? • His children being infants and *431 subject to bis control, and not appearing to bave bad any permanent borne elsewhere tban with bim, tbeir domicile was witb bim, although tbeir sex and tender age, together with tbeir father’s situation, seem to bave caused bim, very properly, to place them for the time being in the immediate care of bis mother; and this partial separation from bim did not, in our opinion, change tbeir place of residence.
Ve are of the opinion therefore that the horse was exempt from sale under the execution, and the circuit court rightly so adjudged.
Wherefore the judgment is affirmed.