## WOODS v. DAVIS.

**Homestead:** HUSBAND AND WIFE: DIVORCE. The granting of a divorce to a wife and the giving her the custody of the children, does not render the homestead remaining in the possession of the husband, liable for his debts. The provisions of the homestead law are to be construed liberally.

*Appeal from Bremer Circuit Court.*

MONDAY, JUNE 17.

ACTION to recover the sum of $150 for professional services rendered defendant as an attorney. Writ of attachment was issued and levied upon forty acres of real property. At the time the services were rendered, the defendant was a married man and the head of a family, residing upon the attached property with his wife and a minor child, and he continued to reside thereon at the time the attachment was levied. Before the attachment was levied the wife of defendant procured from him a divorce upon the alleged ground of cruel treatment, and had awarded to her the custody of the minor child, with an order that she maintain the same without further charge to the defendant. After the levy of the attachment, the defendant and his former wife were remarried. The motion of defendant to dissolve the attachment upon the ground that the attached property was the homestead of defendant, was sustained. Plaintiff appeals.

*G. C. Wright* and *J. W. Woods* for the appellant.

*H. P. Brown* for the appellee.

DAY, J. — The statute does not, in express terms, declare the rule governing the rights of the parties in this case.

Section 2278 of the Revision provides that : "A widow or widower, though without children, shall be deemed the head of a family while continuing to occupy the house used as such at the time of the death of the husband or wife." And section 2295 provides that : "Upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead, until it is otherwise disposed of according to law." While neither of these sections applies to the case of the defendant, yet they indicate the liberal spirit in which the provisions of the homestead law are to be construed in favor of those for whose benefit they were enacted.

There seems to us greater reason why the defendant should be allowed to hold this property exempt from the debt sued on, than if he had been left a widower without issue and continued to occupy it. It is true his divorced wife was awarded the custody of the only child, and the court decreed that she should maintain it without charge to the defendant. But this decree does not exonerate him from liability to support the child, in the event of the inability of the mother to do so. See Rev., chap. 57. It seems fully to accord with the provisons of the homestead law that the exemption should last so long as his liability for support exists, provided he continue in the actual occupation of the property. Besides, the homestead law is intended for the benefit of the children as well as of the parents. *Byers* v. *Byers*, 21 Iowa, 269. It does not accord with the spirit of the humane provisions of the statute, that the divorcing of the wife and awarding to her of the children, should deprive them of all interest in the homestead property. Yet such would be the practical effect of holding the property in question liable for the debt sued on. None of the authorities, cited by appellant, have any direct application to the question presented.

We are of the opinion that the court rightly dissolved the attachment, and that its judgment should be

Affirmed.