Roberts v. Moudy.

----

STEPHEN ROBERTS v. M. V. MOUDY.

[FILED NOVEMBER 5, 1890.]

1. **Exemptions:** HEAD OF FAMILY: DIVORCED HUSBAND IS. The wife of one M. removed to Wyoming, taking her children, a boy and a girl, with her, and there obtained a divorce from M., her husband, and was awarded the custody of the children. The testimony tended to show that M., notwithstanding the divorce, continued to furnish support for his children. *Held,* That he was the head of a family and entitled to the benefit of the exemption law.

2. ————. The library and implements of a professional man, a resident of the state, are exempt under sec. 530 of the Code, whether he is the head of a family or not.

ERROR to the district court for Nance county.    Tried below before POST, J.

*E. V. Clark,* and *Sullivan & Reeder,* for plaintiff in error:

The district court of Wyoming, where the wife and children were domiciled, awarded the custody of the latter to the wife, and that decree is still in force. (Cooley, Const. Lim., 404; *Kline v. Kline,* 10 N. W. Rep., 825.)    De-

fendant in error is not the head of the family because he has formed no part thereof since the divorce. (*Rock v. Haas*, 110 Ill., 528; *Tyson v. Reynolds*, 3 N. W. Rep., 469.)

*W. F. Critchfield*, and *M. V. Moudy*, contra:

The property should have been appraised and the exempt portion selected. (*Metz v. Cunningham*, 6 Neb., 90; *Chesney v. Francisco*, 12 Id., 627; *Cunningham v. Conway*, 25 Id., 617.) Infants are legally incapable of choosing a domicile. (5 Am. & Eng. Encyc., 861 [N. 3], 862–6.) Even had the district court of Wyoming authority to grant the divorce, the children are not bound by its decree. (*In re Bort*, 25 Kan., 308; *People v. Allen*, 40 Hun [N. Y.], 611; 5 Am. & Eng. Encyc., 836–7.) Abandonment of the husband by wife and children does not take away his exemption right. (*Dorrington v. Meyers*, 11 Neb., 391.) This right belongs to him because of his own residence, and not that of his family. (*Dobson v. McClay*, 2 Neb., 8; *Chesney v. Francisco*, supra.)

MAXWELL, J.

On September 14, 1886, the plaintiff in error was the sheriff of Nance county, and had for collection an execution issued out of the district court of Buffalo county against M. V. Moudy, the defendant in error. Moudy was a practicing lawyer of Nance county, and the execution was levied upon his law library and other property used by him in the practice of his profession. Moudy gave a redelivery bond to the sheriff and retained possession of the property levied upon.

In April, 1887, the plaintiff in error sought to sell the property upon which the levy had previously been made when Moudy alleged that he was the head of a family, and filed an inventory of his assets with the sheriff, who

refused to recognize his right to the benefit of the exemption law. Moudy thereupon commenced an action to enjoin the sale, and also one to cause the sheriff to appraise and set aside the property as exempt. Both actions were commenced March 30, 1888, and were, on the motion of defendant in error, subsequently consolidated. A temporary injunction was granted, which, on final hearing, was made perpetual, and at the same time a peremptory writ of *mandamus* was awarded against Roberts and the property appraised and awarded to Moudy.

The testimony tends to show that in the year 1875 Moudy was married in Wyoming territory; that two children were the fruit of this marriage. In the year 1878 or 1879 his wife returned to her father's home in Wyoming, taking the children with her, and in 1880 she procured a divorce from her husband, and in the decree was awarded the custody of the children. Moudy testifies, however, that he has continued to furnish means for the support of his children. There is no denial of this testimony in the record, except such as may be inferred from the decree of divorce. There is testimony, therefore, tending to show that he is the head of a family and entitled to exemption under the statute.

Under section 530 of the Code " the library and implements of any professional man" are exempt whether he is the head of a family or not.

Nearly all the property levied upon in this case was such as pertained to Moudy's law office, and was exempt under the statute.

The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.