GEORGE W. SHRECK, SHERIFF, v. EDWARD A. GILBERT.

FILED DECEMBER 9, 1897.   No. 7579.

1. **Proceedings in Error:** WAIVER. In a proceeding in error it is proper for the defendant, by way of answer, to set up such facts subsequent to the judgment sought to be reviewed as are claimed to have the effect to waive the error complained of.

2. **Replevin:** ISSUES. In replevin the question for adjudication is that of the rights of the parties with respect to the possession of the property when the action was begun.

3. **Exemption:** ATTORNEY'S LIBRARY. The library of an attorney at law, a resident of the state, is exempt under section 530 of the Code of Civil Procedure, but by virtue of section 531 of said Code such exemption cannot be claimed against an execution upon a judgment recovered against him for moneys received professionally for the judgment creditor.

4. ——: ——: JUDGMENT: FINDINGS. The fact that the judgment was recovered for moneys received by an attorney for his client makes said section 531 applicable without any finding to that effect in the judgment.

ERROR from the district court of York county. Tried below before WHEELER, J. *Reversed.*

*J. S. Bishop* and *Halleck F. Rose,* for plaintiff in error.

*Gilbert Bros., contra.*

NORVAL, J.

On the 20th day of February, 1893, Ab. Kirchbaum & Co. recovered judgment in the district court of Lancaster county against W. T. Scott and E. A. Gilbert, lawyers doing business under the name and style of Scott & Gilbert, in the sum of $111.39, and $92.90 costs. Subsequently, on July 3, 1893, an execution was issued upon said judgment, which was directed to, and placed for service in the hands of, G. W. Shreck, as sheriff of York county. The writ was levied by the officer upon the law library and office furniture of said E. A. Gilbert, who brought this action in replevin against the sheriff, and the possession of the property seized under the execution was delivered to Mr. Gilbert. The trial of the replevin suit resulted in a judgment in his favor. Defendant has prosecuted a petition in error.

Leave from this court having been first obtained, an answer in error has been filed by Gilbert, which alleges substantially that since this proceeding in error was commenced, to-wit, on the 3d day of March, 1896, this court, by a judgment duly entered, reversed the said judgment in the case of Ab. Kirchbaum v. Scott & Gilbert, and upon which the execution issued, and by virtue of which writ the sheriff of York county seeks to justify the seizure of the property replevied, and that a mandate has been issued by the clerk of this court remanding said cause to the district court of Lancaster county, out of which court said execution issued. The doctrine has been frequently decided by the courts that where a party, after appealing or prosecuting an error proceeding

from a judgment in his favor, voluntarily accepts the benefits of such judgment he waives the right to have the cause reviewed. (*Harte v. Castetter*, 38 Neb., 571, and cases in the opinion therein.) The rule is that any facts which have occurred subsequent to the judgment assailed, which are claimed to constitute a waiver of the error relied upon for reversal, may be brought to the attention of the appellate court. In what manner should it be done? We conceive the proper practice to set up, by way of answer, the facts transpiring after the entry of the judgment or final order, which are claimed to constitute a release of error, or an estoppel. The rule is thus stated in 2 Kinkead, Code Pleading, sec. 277: "While it is true that there are no pleadings filed in a proceeding in error,   *   *   *   and that the case is heard upon the record, yet a defendant in error may be permitted to file an answer to a petition in error for the purpose of setting up any facts constituting a defense to the proceeding which have occurred subsequent to the rendition of the judgment or order complained of by the plaintiff in error. It is proper practice to allow a defendant in error to allege facts showing that the plaintiff in error has waived the error of which he complains. A settlement of the case may be shown by an answer in error." To the same effect are Elliott, Appellate Procedure, secs. 407 and 408; *Collins v. Davis*, 32 O. St., 76; *Mathews v. Davis*, 39 O. St., 54.

The defendant in error, in the proper mode, has brought to our attention the matter which he claims bars the prosecution of the error proceeding. The question which next confronts us is whether the facts pleaded in the answer to the petition in error renders unavailing the attack made upon the judgment of the court below. The reversal of a judgment wholly vacates and annuls it, and, as a general rule, the party obtaining the judgment will acquire no right or benefit from it. (*Markwell v. Pereles*, 69 N. W. Rep. [Wis.], 984; Freeman, Execution, sec. 306; *Winterson v. Hitchings*, 30 N. Y.

Supp., 260.) The record discloses that no bond was given to supersede the judgment recovered by Ab. Kirchbaum & Co. v. Scott & Gilbert, that an execution was issued upon this judgment and the same was levied upon the property of Mr. Gilbert, which he subsequently replevied in this action. The judgment and the execution sued out thereon were valid and in full force when the property was taken from the officer under the replevin writ, and justified his action in the premises. The gist of a replevin action is the unlawful detention of the property at the inception of the suit, and the rights of the parties with respect to possession of the property at the time. (*Mercer v. James*, 6 Neb., 406; *Blue Valley Bank v. Bane*, 20 Neb., 294; *Fischer v. Burchall*, 27 Neb., 245; *Kavanaugh v. Brodball*, 40 Neb., 875; *Kilpatrick-Koch Dry Goods Co. v. Strauss*, 45 Neb., 793; *Brown v. Hogan*, 49 Neb., 746.) The sheriff by virtue of the levy of the execution having the undoubted right to the possession of the property in controversy when the same was taken from him under the replevin writ,—unless the property was exempt, which will be adverted to hereafter,—it follows from the principle deducible from the foregoing authorities that the reversal of the judgment upon which the execution issued did not change the rights of the parties as they existed when the replevin action was commenced. If the sheriff did not then unlawfully detain the property, he was entitled to a return thereof on the trial, or judgmen for his right of possession. The fact that the judgment in the action of Ab. Kirchbaum & Co. v. Scott & Gilbert has been reversed on a retrial of the replevin suit could be properly shown for the purpose of reducing the damages and the value of the officer's possession. The damages and value of possession would be merely nominal. To adopt the contention of the plaintiff below would subject the officer to costs, as well as an action for damages for seizing the property upon execution, while he was not a wrong-doer. The conclusion we have reached upon the question coincides with the doctrine

announced in Wells, Replevin, sec. 791, where it is stated as follows: "According to the general rule, the suit is tried on the state of facts as they existed at the commencement of the suit. This rule must prevail, unless there be some peculiar reasons existing to the contrary. Where the defendant justified as an officer, under an attachment, evidence to show that it was dissolved after the property was replevied was immaterial, as the rights of the parties depend upon the facts existing at the time the suit was begun.  *  *  *  But this rule will not prevent the consideration of damages to the time of the judgment, as interest is computed on a note; neither will the court refuse to consider the rights of the defendant to a return at the time return is asked." (Cobbey, Replevin, secs. 12, 25, 27.) The matters pleaded in the answer to the petition in error are insufficient to justify a dismissal of the proceeding. But the facts so set up may be proven by plaintiff on a retrial of the cause in mitigation of damage, and also as affecting the value of the officer's possession under the execution.

We now pass to a consideration of the merits of the cause. It is argued that the judgment is unsupported by the evidence and is contrary to law. Defendant below, as sheriff, held the property in controversy under an execution against Scott & Gilbert. Mr. Gilbert is an attorney at law residing in this state, and by reason thereof claims that the property was exempt under the provisions of subdivision 8 of section 530 of the Code of Civil Procedure, which exempts from attachment, execution, or sale on any final process "the library and implements of any professional man." The sheriff insists that the judgment upon which the execution issued was recovered for moneys received by the judgment debtors Scott & Gilbert, as attorneys at law for Ab. Kirchbaum & Co., and, therefore, the property is not exempt from the payment of such judgment. Section 531 of the Code of Civil Procedure declares that "nothing in this chapter shall be so construed as to exempt any property in this

56

state from execution or attachment  *  *  *  for money
due and owing by any attorney at law for money or
other valuable consideration received by said attorney
for any person or persons." It is too plain to require
argument or discussion that said section 530 of the Code
cannot be invoked to exempt the library of an attorney
at law from sale under execution to satisfy a judgment
obtained for moneys received by him professionally for
the judgment creditor. The statute is a just and wise
one, which it is the duty of the courts to enforce.

In justice to plaintiff below, it should be stated that
the points urged by him are, first, that section 531 cannot
be invoked in this case, since neither the judgment in
favor of Ab. Kirchbaum & Co., nor the execution issued
thereon, discloses that said judgment was founded on a
claim for money received by the judgment creditors as
attorneys; second, that as a matter of fact the judgment
was not for moneys collected professionally. The pur-
pose of the said section 531 was to subject any property
of an attorney at law to execution upon any judgment
rendered against him for moneys received for the use of
his client in the line of his employment. There is noth-
ing in said section which requires that the judgment or
execution shall disclose that the recovery was upon a
debt against which the statute allows no exemptions to
be interposed. It would have been proper practice for
the judgment to have found the privileged character of
the debt, and had such a finding been made upon an issue
tendered, it, doubtless, would have been conclusive upon
the question. But we find nothing in the section which
makes such a finding essential, and we conclude that the
section is available, whenever the exemption is claimed,
if it is disclosed that the judgment was recovered upon ·
a debt for moneys collected by an attorney for the use of
another person. (*Rogers v. Brackett*, 25 N. W. Rep.
[Minn.], 601; *Taylor v. Rice*, 44 N. W. Rep. [N. Dak.],
1017.) If it was unnecessary that the judgment should
have found the privileged character of the debt, it fcl-

lows no such recital in the execution was required to make such section 531 applicable. We have examined the authorities cited by plaintiff below, and find them not in point here.

The pleading and judgment in the case of Ab. Kirchbaum & Co. v. Scott & Gilbert were introduced in evidence in the trial of the present action. The petition in the case mentioned, after stating that Scott & Gilbert are attorneys at law and practicing at the city of York, avers that "the defendants are indebted to the plaintiff in the sum of one hundred dollars for so much money had and received by the defendants, as attorneys and counselors at law, of and from Hopkins & Cowan, of the city of York, Nebraska, to and for the use of the plaintiffs on or about the 1st day of February, 1888, and which said sum was then due and payable from defendants to the plaintiffs," and that defendants have unlawfully retained the same, and have paid no part thereof. The amended answer in said cause expressly admits all of said averments excepting the unlawful detention of the money, and, in the nature of an avoidance, pleads the payment of the money in obedience to certain garnishment proceedings brought against them. There having been no testimony introduced in the replevin action to contradict the foregoing documentary evidence, the privileged character of the debt, for the collection of which the execution issued, must be regarded as established. The judgment in this action is reversed, and the cause remanded.

REVERSED AND REMANDED.