BROWNELL & COMPANY V. JOHN A. FULLER ET AL.

FILED JANUARY 5, 1899. No. 9876.

Replevin: VERDICT: VALUE OF PROPERTY: REVIEW. In an action of replevin, wherein plaintiff was in possession of the personal property in dispute at the time of the trial, a judgment of the district court for a return of the property, or for its value of a certain fixed sum, must be reversed where there was no finding in the verdict with reference to such value.

ERROR from the district court of Douglas county. Tried below before POWELL, J. *Reversed.*

*Lane & Murdock* and *Congdon & Parish,* for plaintiff in error.

*B. N. Robertson, contra.*

RYAN, C.

This action of replevin was instituted in the district court of Douglas county by Brownell & Co., a corporation, against John A. Fuller and Daniel Smith for the possession of a certain boiler and engine. It has once been in this court, and for a complete statement of the facts reference may be had to the opinion filed on that occasion. (*Fuller v. Brownell,* 48 Neb. 145.) After the cause was remanded there was another trial, in which there was a judgment in favor of Fuller, of which plaintiff in its turn seeks a reversal by proceedings in error. Plaintiff in the district court gave bond as required by statute, and thus was in possession of the property in dispute at the time of the trial. The court instructed the jury to find for the defendant Fuller that at the commencement of the action he had the right of property and the right of possession of the property described in the petition. This instruction closed with this language: "You will further find the value of said property as shown by the evidence, together with interest thereon at seven per cent per annum from the 13th day of January, 1891, to May 3, 1897." After receiving this instruction the jury returned the following verdict: "We  *  *  * do find for said J. A. Fuller, and do find at the commencement of this action said defendant had the right of property and the right of possession of the boiler and engine in controversy herein, and do assess his damages at the sum of $500, together with interest thereon at the rate of seven per cent per annum from January 13, 1891,—total amount, $754 & 33 cents." There was a remittitur of $34.73, whereupon there was a judgment in favor of the defendant Fuller, "That he recover from plaintiff his

28

damages, assessed at $219.60, or in case return of said property cannot be had, that he recover of said plaintiff the value thereof, assessed at $500, and interest thereon, assessed at $219.60, and costs of suit."

It is required by section 191a, Code of Civil Procedure, that in cases like this the judgment shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property and costs of suit. The instruction of the court therefore properly required the jury to find the value of the property as shown by the evidence; but the jury failed to do this, but found the damages to be $500. The court seems to have assumed that this was a finding equivalent to a finding of the value of the property, and accordingly its judgment was for a return of the property or, in case a return could not be had, that defendant recover of plaintiff the value of said property, assessed at $500. There was in the verdict no attempt to fix the value of the property, and the judgment in that respect was for that reason without the support of a finding necessary to sustain it. It therefore cannot stand. (*Foss v. Marr*, 40 Neb. 559; *Gordon v. Little*, 41 Neb. 250.) The judgment of the district court, because of the error indicated, is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.