(120 N. W. 558.)

---

LUCY A. HOLCOMB, GUARDIAN OF EMRA J. HOLCOMB, MINOR, v. EDWARD J. HOLCOMB, ADELIA BUTTON, BESSIE HOLCOMB AND EMRA J. HOLCOMB, AND EDWARD J. HOLCOMB, ADMINISTRATOR OF THE ESTATE OF ALANSON L. HOLCOMB, DECEASED.

Opinion filed March 18, 1909.

**Homestead — Who Entitled — Head of Family — Status of Divorced Husband.**

1. By section 5049, Rev. Codes 1905, the homestead of every head of a family, not exceeding a certain value and a designated extent of territory, is made exempt from judgment lien and from execution or forced sale, except as otherwise specially provided, and by section 5070 the phrase "head of a family" is defined to mean: "(1) The husband or wife when the claimant is a married person. * * * (2) Every person who has residing on the premises with him or her and under his or her care and maintenance, either: (a) His or her child or the child of his or her deceased wife or husband, whether by birth or adoption. (b) A minor brother or sister or the minor child of a deceased brother or sister. (c) A father, mother, grandfather or grandmother. (d) The father or mother, grandfather or grandmother of a deceased husband or wife. (e) An unmarried sister or any other relatives mentioned in this section who have attained the age of majority and are unable to take care of or support themselves."

*Held*, that a divorced husband who, by the decree of divorce, has been deprived of the custody of his minor children, and who, by such decree, is required to pay to the mother a stated sum for the support and education of such children, which allowance is, by the decree, made a lien upon the real property theretofore used as the homestead, is thereafter no longer the head of a family, and is not entitled to a homestead exemption when he does not have residing

—36—

on the premises with him and under his care and maintenance one or more of the persons mentioned in subdivision 2, section 5070, aforesaid.

### Homestead — Death of Owner — Minor Child of Divorced Parent.

2. Section 5071, Rev. Codes 1905, provides that "upon the death of a person in whom the title to real property constituting a homestead as defined in this chapter is vested a homestead estate in such real property shall survive, descend, and be distributed to the persons and in the order following: (1) To the surviving husband or wife for life; or (2) there being no surviving husband or wife, to the decedent's minor child or children until the youngest attains majority; or (3) the surviving husband or wife dying before, then thereafter to the decedent's minor child or children until the youngest attains majority." *Held,* construing the above section, that when the decedent, at the time of his death, was not entitled to a homestead exemption, no homestead estate can survive, descend, or be distributed to any of the persons therein mentioned. Hence the district court under the facts properly reversed the order of the county court granting the petition of appellant to set aside certain real property therein mentioned as the homestead of decedent's minor child.

(Syllabus by the Court.)

Appeal from District Court, Barnes county; *Burke, J.*

Emra J. Holcomb, a minor, through his guardian, Lucy A. Holcomb, petitioned the county court to set apart to himself premises as the homestead of Alanson L. Holcomb, deceased. The petition was granted by the county court, and Edward J. Holcomb and others appeared to the district court, where such order was reversed, and Emra J. Holcomb appeals.

*Page & Englert,* for appellant.

Right of homestead survives a divorce and remains with the holder of the record title. Biffle v. Pullman, 21 S. W. 450; Blandy v. Asher, 72 Mo. 27. Redfern v. Redfern, 38 Ill. 509; Stahl v. Stahl, 2 N. E. 160; Roberts v. Moudy, 46 N. W. 1013, 27 Am. St. Rep. 426; Zapp v. Strohmeyer, 13 S. W. 9; Hall v. Fields, 17 S. W. 82; Byers v. Byers, 21 Ia. 268; Woods v. Davis, 34 Ia. 264; Doyle v. Coburn, 6 Allen, 71; 21 Cyc. 598; 9 Enc. Law (2d Ed.) 859; 15 Enc. Law (2d Ed.) 556.

Divorced wife has no interest in homestead of divorced husband. Rosholt v. Mehus, 3 N. D. 513; 57 N. W. 783, 23 L. R. A. 239; Brady v. Kreuger, 66 N. W. 1083; Heaton v. Sawyer, 60 Vt. 495, 15

Atl. 166; Wiggen v. Buzzell, 58 N. H. 329; Stahl v. Stahl, 2 N. E. 160.

Children of a divorced parent inherit. Walker v. Walker, 54 N. E. 956.

Granting of divorce and custody of children does not affect the status of head of family. Byers v. Byers, 21 Ia. 268; Woods v. Davis, 34 Ia. 264; Zappas v. Strohmeyer, 13 S. W. 9; Hall v. Fields 17 S. W. 82; Blandy v. Asher, 72 Mo. 27; Philbrick v. Andrews, 35 Pac. 358; Biffle v. Pullman, 21 S. W. 450; Roberts v. Moudy, 46 N. W. 1013, 27 Am. St. Rep. 426; Fore v. Fore, 2 N. D. 260, 50 N. W. 712.

Homestead once acquired is not lost by death, absence or desertion, without husband's fault, of wife and children. Palmer v. Sawyer, 103 N. W. 1088; Silloway v. Bronen, 12 Allen 30; Stults v. Sale, 92 Ky. 5, 17 S. W. 148, 36 Am. St. Rep. 575, 13 L. R. A. 743.

Divorce does not affect child's rights of homestead. Woods v. Davis, 34 Ia. 264.

*Herman Winterer* and *D. S. Ritchie* for respondents.

Residence together as a family and occupancy of homestead are essential to vest a homestead right. Givens v. Hudson, 64 Tex. 471; Keyes v. Hill, 30 Vt. 759; Petty v. Barrett, 37 Tex. 84; Burns v. Jones, 37 Tex. 50; Roco v. Green, 50 Tex. 483; Hoffman v. Neuhaus, 98 Am. Dec. 492; Barbee v. Hayatt, 31 Pac. 694; Dayton v. Donart, 22 Kan. 184; Gatton v. Tolley, 22 Kan. 472; Stratton v. McCandliss, 4 Pac. 1018; Hafer v. Hafer, 6 Pac. 537; Hafer v. Hafer, 13 Pac. 821; Vining v. Willis, 20 Pac. 232; Vandiver v. Vandiver, 20 Kan. 501; Turner v. Turner, 54 Am. St. Rep. 110; Tillar v. Bass, 57 Ark, 179; Aucker v. McCoy, 56 Cal. 524; Pfister v. Dascct, 10 Pac. 117; Tromans v. Mahlman, 27 Pac. 1094; Oliver v. Snowden 43 Am. Rep. 338; Gwans v. Dewey, 47 Iowa, 414; First Nat. Bank v. Hollingsworth, 43 N. W. 536; Maguire v. Hanson, 74 N. W. 776; Lee v. Miller, 11 Allen 37; Tillotson v. Millard, 82 Am. Dec. 112; Kelley v. Dill, 23 Minn. 23; Finnegan v. Prindeville, 83 Mo. 517; Power v. Burd, 43 Pac. 1094; Currier v. Woodward, 62 N. H. 63; White v. Danforth, 98 N. W. 136; Kramer v. Lamb, 87 N. W. 1024.

It must be family occupancy, not of owner alone. Waples on Homesteads and Exemptions, 181; Hiatt v. Bullene, 20 Kan. 557;

Tarrant v. Swain, 15 Kan. 146; Farlan v. Sook, 26 Kan. 397; Ashton v. Ingle, 20 Kan. 670; Koons v. Rittenhouse, 28 Kan. 359; Goodloe v. Dean, 81 Ala. 479; Currier v. Sutherland, 54 N. H. 475.

Divorce determines homestead rights. Rosholt v. Mehus, 3 N. D. 513; Heaton v. Sawyer, 60 Vt. 495, 15 Atl. 166; Stahl v. Stahl, 2 N. E. 160; Wiggin v. Buzzell, 58 N. H. 329; Gilley v. Gilley, 79 Me. 292.

Homestead laws are to guarantee the home against necessity, improvidence and importunity of creditors. In re Fath's Estate, 64 Pac. 995; Keyes v. Cyrus, 34 Pac. 722; In re Ruckingham, 102 Fed. 972; Moran v. King, 49 C. C. A. 578; In re Stone, 116 Fed. 35; White v. Swann, 82 Am. St. Rep. 282; In re Adams' Estate, 57 Pac. 569; Zachman v. Zachman, 66 N. E. 256; Fullerton v. Sherrill, 87 N. W. 419; Koster v. Gellen, 82 N. W. 823; Brown v. Hughes, 94 N. W. 438; Blumer v. Albright, 89 N. W. 809; Loessin v. Washington, 23 Tex. Civ. App. 515.

Fisk, J. This is an appeal from a judgment of the district court of Barnes county, and comes here for trial de novo under the provisions of section 7229, Rev. Codes 1905.

The facts are not in dispute, and are briefly as follows: Alanson L. Holcomb, deceased, and Lucy A. Holcomb, were husband and wife. Emra J. Holcomb is the lawful issue of such marriage. In the fall of 1898 the said Alanson L. Holcomb and his wife, Lucy, together with their minor son Emra, went to reside upon the N. W. ¼ of section 10, township 142 N. of range 57 W., in Barnes county, which real property was owned by the husband. Said real property was the only real property owned by Alanson L. Holcomb, and the same was the homestead of himself and said family. In the spring of 1905 the mother, with the consent of her husband, took her said child to Oklahoma, where she was advised to go for her health, and remained until January 1906. During their absence, the husband and father remained in possession of the homestead. Upon her return from Oklahoma, and for reasons which it is unnecessary to mention, Lucy A. Holcomb commenced divorce proceedings against her husband, which resulted on April 10, 1906, in a judgment in her favor divorcing her from her said husband and by such judgment she was awarded the custody of such minor child, and Alanson L. Holcomb, the defendant therein, was adjudged to pay the sum of $100 per annum for the support and education of said minor child, which allowance was made a lien upon said land. A few days after-

the judgment aforesaid was entered, Alanson L. Holcomb died intestate. At the time of his death he was the fee owner and in possession of said premises. In the course of the administration of his estate, and on June 16, 1906, Emra J. Holcomb, through his legally appointed guardian Lucy A. Holcomb, petitioned the county court to set apart said premises as the homestead of the deceased to Emra J. Holcomb, such minor child. Such petition was by the county court granted, and an order made accordingly. From this order an appeal was prosecuted to the district court, where such order was reversed, and it is from the judgment reversing such order that this appeal was taken.

Claims aggregating a large amount were filed against said estate by creditors, and the sole question involved relates to the respective rights of such creditors and certain legal heirs other than Emra J. Holcomb and the homestead claim of such minor child. The latter's rights are wholly dependent for their validity upon the question whether Alanson L. Holcomb at the time of his death possessed a homestead right in said premises. It is a self-evident proposition that, if the father at the time of his death had no homestead right in the premises, the child can have none after his father's death. The son, in other words, could acquire no rights not vested in his father at the time of his death. The pertinent inquiry, therefore, is: Did Alanson L. Holcomb, after the entry of the judgment of divorce, continue to possess his homestead right in said premises? If not, the judgment appealed from was clearly correct. By section 208 of the Constitution the legislative assembly is commanded to recognize the right of the debtor to enjoy the comforts and necessaries of life by wholesome laws exempting from forced sale to all heads of families a homestead. Pursuant to this mandate, the Legislature, by the enactment of Section 5049, Rev. Codes 1905, has exempted the homestead of every head of a family not exceeding in value $5,000, and by section 5070, Rev. Codes 1905, the phrase "head of a family" is defined as including "(1) the husband or wife when the claimant is a married person; but in no case are both husband and wife entitled each to a homestead under the provisions of this chapter. (2) Every person who has residing on the premises with him or her and under his or her care and maintenance, either: (a) His or her child or a child of his or her deceased wife or husband whether by birth or adoption; (b) a minor brother or sister or the minor child of a deceased brother or sister; (c) a father,

mother, grandfather or grandmother. (d) the father or mother, grandfather or grandmother of a deceased husband or wife; (e) an unmarried sister of any other of the relatives mentioned in this section who have attained the age of majority and are unable to take care of or support themselves."

. It will thus be seen that, to be entitled to the homestead right or exemption, the person must be the "head of a family," and, where such person is unmarried, he or she must have residing on the premises with him or her and under his or her care and maintenance one or more of the persons enumerated in subdivision 2, § 5070, Rev. Codes 1905, supra. By section 5071 it is provided that, "upon the death of a person in whom the title to real property constituting a homestead as defined in this chapter is vested, a homestead estate in such real property shall survive, descend, and be distributed to the persons and in the order following: (1) To the surviving husband or wife for life; or (2) there being no surviving husband or wife to the decedent's minor child or children until the youngest attains majority; or (3) the surviving husband or wife dying before, then thereafter to the decedent's minor child or children until the youngest attains majority." It is plain from the very language of the last section that no homestead estate can survive, descend, or be distributed to the persons therein mentioned if the person having the title to such real property is not entitled to a homestead right therein at the time of his or her death. By the judgment in the divorce action the family ties were severed, and Alanson L. Holcomb became a single person, and it is not contended that he thereafter had residing with him upon such land any of the persons mentioned in section 5070, Rev. Codes 1905. The custody of the minor child, Emra, was by the judgment, awarded to his mother, and provision was therein made for the support and education of such child. No disposition was made of the homestead by the decree, and hence under the decision in Rosholt v. Mehus, 3 N. D. 513, 57 N. W. 783, 23 L. R. A. 239, it remained the property of Alanson L. Holcomb discharged from all rights or claims of the other party. From the fact that it remained the property of Alanson it does not follow that it remained his homestead, and under section 5070, supra, it could not so remain, as he was not the head of a family as therein defined. Regardless of what the rule may be in other states, it is very clear that under the provision of our Code relating to the homestead Alanson L. Holcomb, after the entry of

the decree of divorce and at the time of his death, possessed no home-stead right in the premises, and hence no such right descended to his minor son, whose custody was awarded to the mother, and whose support and education was expressly provided for in such decree. We do not construe the opinion in Rosholt v. Mehus, supra, as announcing a contrary rule.   In fact, the opinion in that case ex-pressly cites with approval the cases of Wiggin v. Buzzell, 58 N. H. 329, Heaton v. Sawyer, 60 Vt. 495, 15 Atl. 166, and Biffle v. Pull-man, 114 Mo. 50, 21 S. W. 450 which cases lend support to the views above expressed.   See, also, Cooper v. Cooper, 24 Ohio St. 488.

Most of the authorities relied upon by appellant's counsel will be found, upon examination, not in point.   They were decided under statutes different from our Code or the facts were different.

The conclusion which we have reached upon the first point presented renders a consideration of the other propositions un-necessary.

The judgment appealed from is affirmed.

MORGAN, C. J., and CARMODY, J., concur.   SPALDING, J., being disqualified, took no part in the decision.

ELLSWORTH, J., (dissenting).   Statutes such as are found in chapter 41 of our Civil Codes, including sections 5070 and 5071, re-ferred to in the majority opinion in this case, having for their pur-pose the conservation of homes and the protection from dependence and want of those members of a family who are helpless or other-wise unprovided for, proceed from a wise, humane, and benevolent purpose on the part of the legislator, and should be construed by the courts in the same liberal and generous spirit in which they are ordained.   These statutes, especially in their exemption feature, are remedial in character, and should be interpreted in the spirit that will best carry into effect the remedy designed by the legislator. "The policy of the homestead law is the conservation of homes for the good of the state.   The mischief to be prevented by those laws is the breaking up of families and homes to the general injury of society and of the state.   The remedy provided is the exemption of occupied family homes from the hammer of the executioner.   Wheth-er the exemption be only for the period of occupancy by the head of a family, or be extended during the life of his wife and the min-ority of his children, it is a remedy to be liberally accorded whenever

the intent of the Legislature is doubtful and the necessity of favoring or disfavoring a remedial provision is thus thrust upon the court." Waples on Homestead and Exemption, p 29. The immunities provided for in the homestead laws are not intended for or extended to one member of a family more than another. The "head of a family" stands as its representative in law, but the benefits extended to him in such relation are provided, not for his personal advantage, but for that of the family, and are received and held by him in trust for the good of every member. This is clearly recognized by the provision of our statute (section 5071) providing that upon the death of the person in whom the title to real property constituting a homestead is vested the homestead estate shall survive and descend to the surviving husband or wife, or, if there be no such surviving member, to the decedent's minor child or children until the youngest attains majority.

It is conceded by the majority opinion that until four days before his death Alanson L. Holcomb was the head of a family within the meaning of section 5071, and as such entitled to a homestead exemption in the property in question. He was at that time a married man and the father of a minor child dependent upon him for maintenance, although his wife and child were not actually residing at his place of abode. Their residence, however, was constructively there, and, if during this period he had died, there is no question but that a homestead estate in his land might have been claimed by the wife for her own benefit and the benefit of the child. If plaintiff was the head of a family at the time the divorce was granted to the wife, he did not during the life of the child cease to be such by reason of the divorce. By the divorce the marriage relation was dissolved, and the wife ceased to be a member of the family of which her husband was the head; but the mutual relation of Holcomb and the child was entirely unaffected. The child was not a party to the quarrel of its parents or to the divorce action, and could not by reason thereof be deprived of the measure of protection vested in Holcomb for the benefit of the family, children as well as wife. Holcomb under the decree of divorce was still liable for the payment of a specific sum to be used for the support of the child. This sum was not, however, "awarded" to the child as found by the district court in the sense that the child's right to parental maintenance was limited thereby. The award was only to the wife, and simply limited the claim of the wife upon the

husband for that purpose. If the wife should become unable to furnish it, Holcomb was still liable for such additional sum as would supply a full maintenance for the child. The father, having a minor child under his maintenance, was therefore clearly the head of a family within the definition of section 5070 as well before as after the divorce, unless it can be said that the child was not "residing on the premises with him." "Every person has in law a residence;" and "the residence of the father during his life and after his death the residence of the mother, while she remains unmarried, is the residence of the unmarried minor children." Rev. Codes 1905, § 12. The residence of the child by the provision of this statute being with the father could not be lost until another elsewhere was gained; and neither the child itself by its own act or by that of its guardian could change its residence. If before the divorce, while absent from her husband's residence in Oklahoma, the wife had died, the husband might still have claimed his homestead exemption as the head of a family; for the child, though actually with its mother in Oklahoma, was still constructively residing with him, and for its benefit, if not his own, he might still have claimed the protection of the homestead laws. Doyle v. Coburn, 6 Allen (Mass.) 71. The reasons for protecting the homestead rights where the marriage relation has been terminated by a divorce are as strong as when it has been dissolved by death. Zapp v. Strohmeyer, 75 Tex. 638, 13 S. W. 9. The relation of Holcomb to the property and to the child continued absolutely unaltered by the divorce. It is true the family relation was disturbed and broken by the divorce to the extent that the wife ceased to be a member of it; but his right to a homestead exemption in the property for the benefit of himself and his minor child still remained, and was in no sense lost or destroyed by the divorce. Biffle v. Pullman, 114 Mo., 50, 21 S. W. 450. If the right still continued in him after the divorce by express terms of the statute, it descended to the child at his death, and the homestead should have been set apart to the child upon proper application such as was made to and granted by the county court of Barnes county. A liberal construction of the law of our state providing for homestead exemption, keeping in view the remedy obviously intended by the Legislature, cannot, in my opinion, lead to a different result.

There is abundant authority for this conclusion. Walker v. Walker, 181 Ill. 260, 54 N. E. 956; Hall v. Fields, 81 Tex. 553, 17

S. W. 82; Woods v. Davis, 34 Iowa, 264; Seaton v. Marshall, 6 Bush (Ky.) 429, 99 Am. Dec. 683; Byers v. Byers, 21 Iowa, 268. The Supreme Court of Nebraska under a statute substantially analogous to our own in all particulars has held that a party standing almost precisely in the relation of Holcomb prior to his death to this property was entitled to a homestead exemption. Roberts v. Moudy, 30 Neb. 683, 46 N. W. 1013, 27 Am. St. Rep. 426.

These considerations impel me to a conclusion the opposite of that reached by my associates. In my opinion the decree of the district court vacating the order of the county court of Barnes county setting apart the homestead for the benefit of the minor child during its minority should be reversed, and the order of the county court restored and affirmed.