GEORGE W. FRANCE, APPELLANT, V. DAVID LARKIN,
APPELLEE.

FILED JUNE 23, 1914.  No. 17,809.

1. **Execution:** RELEASE OF EXEMPT PROPERTY. Where property seized under an execution is claimed by the execution debtor as exempt, and the same is set off to him and is released by the officer, it is relieved from the lien of the execution.

2. **Replevin:** EXEMPT PROPERTY RELEASED FROM EXECUTION. In such a case the execution creditor cannot maintain an action in replevin against the execution debtor to recover the possession of the property.

3. ———: STIPULATION OF FACTS: TRIAL TO COURT. Where a demurrer has been sustained to plaintiff's petition in replevin, he may waive a jury and enter into a written stipulation fixing the value of the property and the amount of damages sustained by the defendant, and thus give the court the power and jurisdiction to render a judgment in accordance with the stipulation.

APPEAL from the district court for York county: EDWARD E. GOOD, JUDGE.  *Affirmed.*

*France & France,* for appellant.

*W. L. Kirkpatrick,* contra.

BARNES, J.

Appeal from a judgment of the district court for York county in an action of replevin. It appears that on the 4th day of November, 1911, plaintiff filed his petition, in substance, as follows:  That he has a special interest in a certain black mare, about seven years old, called Bessie; that the plaintiff recovered a judgment in the county court of York county, Nebraska, against the defendant on the 1st day of July, 1911, for the sum of $183.85, and costs of suit taxed at $——; that on the 12th day of July, 1911, he caused the judgment to be transcripted to the district court for York county, and on the 25th day of July, 1911, an execution was issued thereon and placed in the hands of the sheriff of said county; that the sheriff duly levied

France v. Larkin.

the execution upon the property above described as the property of the defendant, David Larkin; that Larkin filed an affidavit in exemption, in which it was alleged that he was a resident of the state of Nebraska, and the head of a family, and said property was specified as exempt; that thereupon the sheriff, as by the statutes in such cases made and provided, delivered said property to the defendant. Plaintiff alleged that the affidavit was false, and that the said defendant is not the head of a family and not entitled to the exemptions provided by the laws of the state of Nebraska as such; that defendant wrongfully detains said property from the plaintiff, and from being applied to the payment of the plaintiff's judgment against the defendant; that plaintiff is entitled to the immediate possession of said property, and is entitled to have such property or the value thereof applied to the payment of his judgment; that the property was not taken in execution on any order of judgment against the plaintiff; or for the payment of any fine, tax or amercement assessed against him, or by virtue of any other order of delivery issued in replevin, or any mesne or final process. Plaintiff prayed judgment for the return of the goods and chattels, or the value thereof, if the same could not be returned, and for his damages and costs.

To this petition the defendant demurred, for the reason that it did not state facts sufficient to constitute a cause of action. The defendant's demurrer was sustained, and thereafter the parties stipulated as follows: "Comes now the parties by their attorneys of record, and hereby stipulate and agree, for the purposes of this suit, that the value of the property taken under the writ of replevin herein was $130 at the time it was taken under said writ, and that the damages to the defendant for the detention of said property is one cent." Thereupon the court rendered a judgment in favor of the defendant for the return of said property, and in case a return could not be had that defendant recover of the plaintiff the value thereof, with interest at the rate of 7 per cent. from the 26th day of July, 1911, amounting to the total sum of $134.95, and

that the plaintiff pay the costs of the action taxed at
$35 40. The plaintiff excepted to the judgment, filed a mo-
tion for a new trial, which was overruled, and has brought
the case to this court by an appeal.

The first question presented for our determination is:
Can an execution creditor maintain replevin for property
which has been released from the levy by the sheriff as
property exempt to the execution debtor, where the cred-
itor's only property in and right to the possession of the
property replevied was acquired solely by virtue of the
levy of the execution? The interest of an execution cred-
itor in property levied on by the sheriff is not a legal one;
but, if he has an interest at all, it is merely an equitable
one. *Hicklin v. Nebraska City Nat. Bank,* 8 Neb. 463;
Cobbey, Replevin (2d ed.) secs. 172-184. Where prop-
erty seized under execution is claimed by the execution
debtor as exempt, and the same is set off to him by
the officer, it is relieved from the lien of the execution.
17 Cyc. 1120; *Hall v. Hough,* 24 Ind. 273.

It is contended, however, by the appellant, that "the law
of replevin applicable to rights of mortgagees applies in
this case; that, after the mortgagee has become entitled to
the possession of the mortgaged property he may enforce
such right and recover possession of the property in an
action of replevin as against the mortgagor." That a
mortgagee may maintain replevin for mortgaged property
after condition broken is too well settled in this state to
need any citation. But this rule is hardly applicable in
the case at bar. A mortgage conveys an interest in the
property to the mortgagee, while the mortgagor retains
possession of it, and is entitled to such possession until
the conditions of the mortgage are broken, and upon the
happening of that event the mortgagee is entitled to main-
tain replevin to obtain possession of the mortgaged prop-
erty. The levy of an execution, however, gives the officer
who makes the levy a special interest in the property and
the right to the possession of it, and he may maintain re-
plevin as against third persons who have interfered with
its possession; but the execution creditor has never been

held to be entitled to the possession of the property, and therefore he cannot maintain replevin.

It is contended, however, that unless the plaintiff can maintain the action he is without a remedy. We think that this is not the case. If the execution debtor has màde a false affidavit it would seem that plaintiff has an effective and summary remedy under the provisions of the statutes providing for proceedings in aid of execution. Rev. St. 1913, secs. 8111-8128. Those sections provide for summoning the debtor to make disclosure as to his property, and provisions are made therein which it would seem are amply sufficient to enable the execution creditor to reach the property of the debtor, which as a matter of fact is not exempt by law, to be applied in satisfaction of the execution.

Finally, it is contended that the judgment of the district court is not sustained by sufficient evidence, for the reason that it is provided by section 7831, Rev. St. 1913, that "if the property has been delivered to the plaintiff, and judgment be rendered against him on demurrer, * * * the court shall * * * impanel a jury to inquire into the right of property and right of possession of the defendant to the property taken. If the jury shall be satisfied that said property was the property of the defendant at the commencement of the action, or if they shall find that the defendant was entitled to the possession only of the same at such time, then, and in either case, they shall assess such damages for the defendant as are right and proper, for which, with costs of suit, the court shall render judgment for the defendant." It is argued that because no application was made on the part of the defendant for a jury, and none was impaneled, the judgment of the district court was void; that, in order to have a valid judgment in a replevin suit, the provisions and requirements of our statutes must be strictly followed. We think this contention is beside the mark. It appears that, when the defendant's demurrer to the plaintiff's petition was sustained, the parties, as it was their right to do, entered into the stipulation set forth at the outset of this opinion.

The plaintiff having entered into that stipulation, he is bound by its terms, and the court was thereby given the power to render judgment without the intervention of a jury. Finding no error in the record, the judgment of the district court is

AFFIRMED.

LETTON and ROSE, JJ., not sitting.