HOWELLS STATE BANK OF HOWELLS, APPELLEE, v. HANS E. ARPS, SHERIFF, APPELLANT: F. W. BOLAND, APPELLEE.

FILED JUNE 1, 1928. No. 26127.

*George W. Wertz,* for appellant.

*W. M. Cain, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and HOWELL, JJ., and PROUDFIT and REDICK, District Judges.

GOOD, J.

This is an action in replevin. Plaintiff had judgment and defendant appeals.

Plaintiff claimed right to the possession of the chattels by virtue of a chattel mortgage. Defendant Boland was the owner of the chattels. Defendant Arps was the sheriff and, under an attachment issued in an action against Boland, had levied on and taken possession of the chattels and had them in his possession at the time this action was begun. The chattel mortgage was executed and given to plaintiff subsequent to the levy of the attachment. Boland was a physician, a single man and not the head of a family. He occupied a building in Howells as his office and residence in which he had his surgical instruments and appliances, medicine cabinet, office furniture, fixtures and household goods, which are the chattels involved in this action.

A single question is presented for determination: Were the chattels exempt to the defendant Boland? If they were exempt, then the levy of the attachment was wrongful, no lien was acquired thereby, and plaintiff would be entitled to possession. On the other hand, if the chattels were not exempt to Boland, then the sheriff, by virtue of his levy of the attachment, acquired a lien thereon and is entitled to possession.

The decision in this action rests on a proper construction of section 9039, Comp. St. 1922. In so far as applicable, section 9039 provides: "No property hereinafter mentioned shall be liable to attachment, execution or sale on any final process issued from any court in this state, against any person being a resident of this state and the head of a family." Then follow eight subdivisions, each describing a class of chattels that are exempt. We are concerned only with the last subdivision, which is as follows:

"Eighth. The tools and instruments of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business; the library and implements of any professional man.

"All of which articles hereinbefore intended to be exempt, shall be chosen by the debtor, his agent, clerk or legal representative, as the case may be."

It is argued on behalf of plaintiff that the above quoted provision exempts to a professional man his library and implements, whether he is the head of a family or not. Stress is placed on the word "any" in the clause, "the library and implements of any professional man," and it is contended that the word "any" in this clause exempts to every professional man his library and implements. Plaintiff cites and relies on the cases of *Roberts v. Moudy,* 30 Neb. 683, and *Shreck v. Gilbert,* 52 Neb. 813, to support its contention.

In *Roberts v. Moudy, supra,* the second paragraph of the syllabus is as follows: "The library and implements of a professional man, a resident of the state, are exempt under section 530 of the Code (section 9039, Comp. St. 1922),

whether he is the head of a family or not." This language certainly tends to support plaintiff's theory. The first paragraph of the syllabus in that case, however, discloses, and it was therein held, that the debtor was a resident of the state, the head of a family, and entitled to the benefit of the exemption law. Such being the case, it was clearly unnecessary for the court to go farther and determine whether or not one, who was not the head of a family, was entitled to the exemption claimed. Since it was unnecessary to a determination of the case, the rule announced must be regarded as mere dictum.

In the case of *Shreck v. Gilbert, supra,* the third paragraph of the syllabus is as follows: "The library of an attorney at law, a resident of the state, is exempt under section 530 of the Code of Civil Procedure (section 9039, Comp St. 1922)." While the opinion does not disclose whether the debtor in that case was the head of a family, resort to the record does show that the debtor was a resident of the state and the head of a family, so that, as applied to the facts as they existed in that case, the holding in *Shreck v. Gilbert, supra,* was proper, but the statement of law, standing alone, is misleading. It was unnecessary in the *Shreck* case to determine whether one, who was not the head of a family, was entitled to the exemption.

We think that a careful analysis of the statute makes it quite clear that the exemption must depend upon the first paragraph of section 9039 *supra,* and the exemption therein allowed is to "any person being a resident of this state and the head of a family." The argument that the eighth subdivision, standing alone, grants an exemption to any professional man is not sound. By examining the eighth subdivision, it is apparent that no exemption is therein provided. It merely describes a list or class of property, but, to determine that there is any exemption and who is entitled thereto, resort must be had to the first paragraph of the section above quoted. The first paragraph of the section must be read in connection with, and as though it

formed a part of, each of the separate subdivisions or classifications of property mentioned in that section.

The rule announced in the second paragraph of the syllabus in *Roberts v. Moudy, supra,* is not the law and is overruled. The opinion in *Shreck v. Gilbert, supra,* in so far as it appears to be in conflict with this opinion, is also overruled. Apparently, the learned trial judge rendering the decision in the instant case did not feel at liberty to disregard, but followed, the rule erroneously announced in *Roberts v. Moudy, supra.*

It follows that the judgment of the district court is erroneous and is reversed, and the cause remanded, with directions to enter judgment for the defendant.

REVERSED.