FRANK G. JACKSON, APPELLANT, V. ARNDT-SNYDER MOTOR COMPANY, APPELLEE.

FILED JANUARY 13, 1932. No. 28044.

*Grant Lothrop,* for appellant.

*O'Hanlon & O'Hanlon, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

DEAN, J.

Under a writ of replevin issued by the county court of Washington county, Frank G. Jackson, a minor of 19 years, by his next friend, Jay L. Jackson, recovered possession of a Chevrolet truck from the defendant, the Arndt-Snyder Motor Company. In its answer the defendant company admitted plaintiff's ownership of the truck, but contended that the truck was delivered by the plaintiff to the company for the purpose of having certain repairs made thereon, and that, under the provisions of section 52-201, Comp. St. 1929, the truck was being retained until the charges thereon were paid. Section 52-201, *inter alia,* so far as applicable provides that any person who makes repairs on an automobile shall have a lien thereon while the automobile is in his possession "for his reasonable or agreed charges for the work done or material furnished, and shall have the right to retain said property until said charges are paid."

The plaintiff in his reply alleged that when the truck was purchased from the defendant it was warranted to be free from defects, but that the material and workmanship thereon were later found to be defective. It is also alleged that the defendant therefore agreed to make the necessary repairs on the truck in consideration of the payment, by the plaintiff, of the remainder then due on the purchase price of the truck. The county court entered a judgment in favor of the defendant, and ordered that the truck be returned within three days or that, failing to so do, the plaintiff pay the defendant $275 as the value thereof, $85 as damages for wrongful detention, and costs of suit. The judgment was affirmed by the district court. Plaintiff has appealed.

We have not been favored with a brief by the defendant, but the record appears to disclose that the judgment is for reversal. As hereinbefore noted, the judgment provides that the defendant shall recover the "value" of the truck

as well as damages for its wrongful detention. On this feature the trial court decreed that the right of possession was in the defendant, but no finding was made in respect of the value of such possession.

Section 20-10,103, Comp. St. 1929, provides that, in a like case, it shall be determined "whether the defendant had the right of property or the right of possession only." And in section 20-10,104, Comp. St. 1929, it is provided that, if the judgment is for the right of possession only, such judgment shall be for the value of such possession in case a return of the property cannot be had, damages for withholding such property, and costs.

Under the pleadings it is admitted that the ownership of the truck was in the plaintiff, and therefore the value of the defendant's right of possession became the measure of damages, and not the value of the truck. And since ownership in the plaintiff is conceded and the defendant's right of possession is created by virtue of a lien for repairs on the truck, it appears to us that the court erred in finding that the defendant is entitled to a return of the truck or the value thereof instead of the value of his possession. *Brownell v. Fuller,* 57 Neb. 368; *Tyson v. Bryan,* 84 Neb. 202; *Welton v. Baltezore,* 17 Neb. 399. "Where the defendant in an action of replevin claims a special interest only in the property in controversy by virtue of a mortgage or other lien, his measure of damage, in case the property cannot be returned, is the amount of his lien with interest and costs, within the value of the property." *Creighton v. Haythorn,* 49 Neb. 526. And in an earlier case we held: "In an action of replevin where the verdict is in favor of the defendant, whose ownership is special by reason of a chattel mortgage or other lien, the measure of his damages in case a return cannot be had is the amount due him upon his lien, if within the value of the property as found by the jury. But such damages should in no case exceed the value of the property." *Cruts v. Wray,* 19 Neb. 581. And the rule in this jurisdiction has long prevailed that, "In an action of replevin, where the property has been delivered

to the plaintiff, in case a verdict is returned in favor of the defendant, the judgment must be in the alternative for a return of the property, or the value thereof, in case a return cannot be had, or the value of the possession of the same, and for damages for the unlawful detention. The statute requiring the judgment to be in the alternative form is imperative." *Manker v. Sine*, 35 Neb. 746. See *Field v. Lumbard*, 53 Neb. 397; *Goodwin v. Potter*, 40 Neb. 553.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

REVERSED.