ALLIANCE LOAN AND INVESTMENT COMPANY, A CORPORATION, (FRANK ABEGG AND MARY ANNA ABEGG, DOING BUSINESS AS ALLIANCE LOAN AND INVESTMENT COMPANY, SUBSTITUTED PLAINTIFFS), APPELLEES, V. MAHLON C. MORGAN ET AL., APPELLANTS.

49 N. W. 2d 593

Filed October 25, 1951.   No. 33011.

*Townsend & Youmans,* for appellants.

No appearance for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Jack E. Mack recovered a judgment against Maurice D. Moran in the district court for Scotts Bluff County, Nebraska, an execution issued thereon was delivered to Mahlon C. Morgan, sheriff of Scotts Bluff County, and it was by him levied upon a Studebaker truck owned by the judgment debtor. He took possession of the truck at the time of the levy and maintained it until the truck was taken from him on a writ of replevin. A mortgage on the truck had been previously given by the judgment debtor to appellees to secure a debt owing to them by him. Appellees instituted a replevin action in the county court and took the truck from the sheriff. The appraisal of the truck showed a value in excess of the jurisdiction of the county court and the case was certified to the district court. Appellees claimed right of possession of the property because of their chattel mortgage. The sheriff justified his possession under the execution and levy thereof.

The parties at the conclusion of the evidence respectively moved for a directed verdict. The jury was discharged and a judgment rendered for appellants for a return of the truck, or, in the alternative, for their special interest therein in the amount of one cent and for damage for the detention of the truck in the sum of one cent and for costs. This is an appeal from that judgment.

The dates are important in this case. The chattel mortgage on the truck was given on March 18, 1949, the debt secured was due on April 18, 1949, and a notation of the mortgage on the certificate of title of the truck was made on May 24, 1949. The judgment in favor of Jack E. Mack was rendered on May 6, 1949. The execution was issued and delivered to the sheriff on May 21, 1949, and he levied it on and took possession of the truck on May 23, 1949, the day before a notation of the chattel mortgage was made on the certificate of title of the truck. The replevin case was commenced on June 1, 1949, and the property was taken from the sheriff on the writ of replevin the next day.

The gist of a replevin action is the unlawful detention of the property at the inception of the suit and the rights of the parties with respect to possession of the property at that time. What takes place thereafter is immaterial in the consideration and determination of the case. The burden is on the plaintiff in replevin to establish facts necessary for him to recover, and these must be shown to have existed at the time the action was commenced. §§ 25-10,102 and 25-10,103, R. R. S. 1943; Peterson v. Lodwick, 44 Neb. 771, 62 N. W. 1100; Brown v. Hogan, 49 Neb. 746, 69 N. W. 100; Shreck v. Gilbert, 52 Neb. 813, 73 N. W. 276; Rein v. Kendall, 55 Neb. 583, 75 N. W. 1104; Moss v. Marks, 70 Neb. 701, 97 N. W. 1031.

The notation of the mortgage of appellees was not made on the certificate of title of the truck until May 24, 1949, the day after the levy of the execution thereon.

It was, because of this fact, void as to the creditors of the mortgagor. § 60-110, R. S. 1943. Appellees could recover in this case only upon the strength of their interest in the property involved and not on any weakness in the interest of the sheriff in the property. Loyal's Auto Exchange, Inc. v. Munch, 153 Neb. 628, 45 N. W. 2d 913. There was a failure of appellees to produce any evidence of any lien upon or any interest in the property as against the sheriff at the time of the commencement of this case. The levy of the execution by the sheriff upon the property of the judgment debtor gave him a special interest therein and the right to the possession of it. France v. Larkin, 96 Neb. 365, 148 N. W. 86.

The record is conclusive that appellant, the sheriff of Scotts Bluff County, claimed and had at the commencement of this case, by virtue of the execution and levy thereof, a special interest in, lien on, and right of possession of the truck involved in this case. He should have had judgment for the return of the property or for the value of the possession of the property and for damages for the withholding of it and costs of suit. The value of the possession of the sheriff was the amount of the execution with interest and costs, less the payment of $354.23 made on the judgment during the pendency of the case, within the value of the property. Damages for detention of the property should include any depreciation in the value thereof while withheld from the sheriff, but such damages may only be recovered if the property is returned. §§ 25-10,103 and 25-10,104, R. R. S. 1943; Hickman-Williams Agency v. Haney, 152 Neb. 219, 40 N. W. 2d 813; Jackson v. Arndt-Snyder Motor Co., 122 Neb. 276, 240 N. W. 279. The judgment of the district court is not sustained by the evidence and is contrary to law.

The judgment should be and is reversed and the cause remanded with directions to the district court to find and adjudge that the sheriff of Scotts Bluff County had at the commencement of this case the right of possession

of the truck involved; that the truck be returned to him, or, in the alternative, if a return of it cannot be had, that the sheriff have judgment for the value of the possession thereof in the amount due upon the execution levied on the truck with interest and costs less the sum of $354.23, but not in excess of the fair, reasonable market value of the property at the time it was taken on the writ of replevin in this case; that if the truck is returned to the sheriff, that he have judgment for damages for the withholding of it since June 2, 1949; and that the value of the possession of the property and the amount of damages for the withholding of it be tried to and determined by a jury in this case.

REVERSED AND REMANDED WITH DIRECTIONS.