DANIEL C. TYSON, APPELLANT, V. A. L. BRYAN, APPELLEE.

FILED APRIL 13, 1909. No. 15,570.

1. **Appeal:** MOTION FOR NEW TRIAL. Where a motion for a new trial does not include a complaint that any error was committed during the trial, this court will not review errors alleged to have been committed in the rejection of relevant testimony.

2. **Replevin:** QUESTION FOR JURY. Where the evidence establishes title in the plaintiff to the property replevied, and the temporary right of possession in the defendant, the court should submit to the jury the value of defendant's right of possession.

3. **Appeal:** INSTRUCTIONS: MOTION FOR NEW TRIAL. Where an instruction given by the court might have been conveniently divided into two paragraphs, but the district judge failed to number the same separately, the party excepting to such instruction will not be required to separately object to the different paragraphs thereof in the motion for a new trial as a condition of his right to have error committed in giving the same reviewed by this court.

4. **Partnership.** The sharing of gross returns, with or without a common interest in property from which the returns come, does not of itself create a partnership.

APPEAL from the district court for Boyd county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*A. H. Tingle* and *J. A. Douglas,* for appellant.

*H. F. Barnhart* and *W. T. Wills, contra.*

CALKINS, C.

This was an action of replevin to recover the possession of 30 head of cows, a number of younger cattle, some hogs, and a quantity of farm produce. It appears that the plaintiff had let to the defendant to farm on shares a tract of land, and had agreed to supply the defendant with 40 head of cows to be kept on said premises and milked on shares, and that this 30 head of cows were a part of those so furnished by the plaintiff. The lease was in writing, and was apparently drawn upon the ordinary

form prepared for the making of farm leases, and to this was added an addendum, with the stipulation that "the following conditions are made a part of the lease hereto annexed," thus making a single instrument. In this document there was a provision that, if the defendant should fail to keep any of the covenants therein contained, the landlord should have the right at his election to take possession of the premises. The case was apparently prosecuted by the plaintiff on the theory that the defendant had made such default, and that the plaintiff was therefore entitled to enter and take possession of the property placed upon the premises in pursuance of the lease, but the evidence offered as to defendant's failure to perform his part of the covenants was excluded, and at the close of the trial the court instructed the jury that, under the pleadings and undisputed evidence, the defendant was entitled to a verdict for the possession of the chattels in controversy, and that the value of that possession was the fair market value of the property, and thereupon submitted to the jury the question of the value of said property, which they found to be the sum of $1,770.80. A judgment was thereupon rendered for the return of said property to the defendant, with the alternative that, in case a return could not be had, the defendant should recover from the plaintiff the value thereof. The plaintiff appeals.

1. It is contended that the court erred in rejecting evidence tending to show that the defendant had failed to comply with his part of the agreement under which he held the property, but no complaint was made in the motion for a new trial of any errors of law occurring at the trial, and we cannot therefore consider this objection.

2. It appears from the evidence that the 30 cows replevied were placed on the farm by the plaintiff, and that the title to the same remained in him, but, under the agreement produced, the defendant had a right to keep the same upon the farm which had been let to him. This presents a case where the plaintiff is the owner of the

property, and the defendant is entitled to the temporary possession thereof. Section 191 of the code provides: "In all cases, when the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant; for which, with costs of suit, the court shall render judgment for the defendant." In 1873 there was added section 191a, which provides: "The judgment in the cases mentioned in sections 190 and 191, and in section 1041 of said code, shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property, and costs of suit." The same evidence which established the right of the defendant to the possession of these cows as clearly established the fact that they were the property of the plaintiff, and it was the duty of the trial judge, in view of the sections of the code above quoted, to instruct the jury to find, not the value of this property, but the value of its possession. Instead of that, the court instructed the jury as follows: "The jury are instructed that, under the pleadings and the undisputed evidence in this case, the defendant is entitled to a verdict for the possession of the chattels in controversy in this action, and the value of that possession is the fair market value at the commencement of this action of all the chattel property taken by the plaintiff in this action under the writ of replevin, and the only thing left for you to do, gentlemen of the jury, is to find the value of said property at the commencement of this action, and return your verdict accordingly. You are further instructed that no testimony has been introduced as to the damages sustained by the defendant by reason of the unlawful detention of said property by the plaintiff, but you are instructed, as a matter of law, the defendant is entitled to

nominal damages, and nominal damages in law is one or six cents, and it will be your duty to state nominal damages in your verdict." This instruction was erroneous. It should have submitted the value of defendant's possession, instead of the value of the property. *Creighton v. Haythorn,* 49 Neb. 526; *Cruts v. Wray,* 19 Neb. 581.

3. The instruction given by the court we have already quoted. It is contended by the defendant that, since there were two paragraphs in said instruction, it was to be treated as two instructions, and that there should have been a separate objection to each paragraph in the motion for a new trial in order to enable us to consider the error assigned in giving such instruction. We think the instruction given, although it might have been divided into two paragraphs, is to be treated as one. It relates to one subject throughout, and the judge himself, from his failure to number it separately, evidently regarded it as a single instruction.

4. The court below seems to have disposed of this case upon the theory that the writing referred to constituted a partnership, and that for that reason the plaintiff cannot maintain an action. While the exceptions of the plaintiff were not, as we have already seen, reserved in such a manner as to enable us to pass upon the question of the exclusion of the plaintiff's testimony, we deem it proper to say that the agreement referred to does not, in our opinion, make the plaintiff and defendant partners. While there may be a sharing of profits and yet no partnership, there can be no partnership without a sharing of profits. The sharing of gross returns, with or without a common interest in property from which the returns come, does not amount to a sharing of profits, and does not of itself create a partnership. In this case the defendant was to render a share of the gross returns, which might be more or less than the profits of the business, and which were to be paid even in case the business was conducted at a loss. It seems hardly necessary to cite authorities to this proposition, but an exposition of the sub-

ject will be found in Pollock, Digest of the Law of Partnership, ch. I, arts. 1, 2; 1 Lindley, Partnership (2d Am. ed.), p. *18.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.