DANIEL SANLEY, APPELLANT, V. CHARLES K. DAVIES ET AL., APPELLEES.

FILED JUNE 12, 1925. No. 23153.

1. **Partnership:** SUIT BETWEEN PARTNERS: PLEADING. In a suit in equity by one partner against the only other partner to recover the net profits on a number of isolated partnership transactions, the petition is generally demurrable if it fails to show a dissolution of the firm or a final settlement of accounts or a purpose to wind up the partnership affairs.

2. ———: FORMATION: EVIDENCE. On a controverted issue as to the existence of an oral profit-sharing agreement, the speech and the conduct of the parties in relation to the subject-matter of the controversy may prove or disprove the intention to form a partnership.

3. ———: ———: ———. Evidence of profit-sharing in real estate transactions does not necessarily prove a partnership.

4. ————: FORMATION: PROOF. In a controversy over the existence of a partnership, more convincing evidence is required to prove the affirmative where alleged partners are the only litigants than is required in an action between partners and a third person.

5. ————: ————: ————: Evidence outlined in the opinion *held* insufficient to prove an oral partnership agreement for the general purpose of buying and reselling real estate, the net profits to be divided equally, plaintiff to furnish the capital and defendant the knowledge, skill and services, including the discovery of purchasable properties with the exclusive right of resale.

APPEAL from the district court for Keith county: J. LEONARD TEWELL, JUDGE. *Reversed in part.*

*L. A. DeVoe* and *Nye, Worlock & Nye,* for appellant.

*Miller & Randall, contra.*

Heard before MORRISSEY, C. J., ROSE and EVANS, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

Daniel Sanley, plaintiff, brought this action against Charles K. Davies, defendant, to quiet title to a quarter section of land in Keith county. The wife of defendant was made a party, but she had no pecuniary interest in the controversy and the action as to her was properly dismissed. Plaintiff pleaded that he was the owner of the land described in his petition and that his title was clouded by a recorded affidavit in which defendant wrongfully claimed to be owner of an undivided half interest in the quarter section mentioned. The relief sought was the cancelation of the affidavit and a decree quieting the title in plaintiff.

In an answer to the petition defendant admitted the making and the filing of the affidavit, reasserted his claim to an undivided half interest in the land and prayed for a decree quieting his title thereto. The answer contained also what appears to be a cross-bill, alleging that in 1914 plaintiff and defendant entered into an oral partnership agreement for the general purpose of buying and reselling real

estate, the net profits to be divided equally, plaintiff to furnish the capital and defendant the knowledge, skill and services, including the discovery of purchasable properties with the exclusive right of resale. In substance and effect defendant in his cross-bill alleged that he performed his partnership obligations in selecting for purchase and resale two properties in the city of Kearney, a tract of 80 acres in Custer county and the quarter section of land described in plaintiff's petition; that plaintiff paid the purchase price in each instance, took the title in his own name, clandestinely resold each property for the fraudulent purpose of cheating defendant out of his share of the net profits and refused to account for any part thereof. There was a prayer for confirmation of the partnership, for an accounting as to net profits and for a decree subjecting the real estate purchased or the net proceeds of the resales to the payment of the amount found to be due defendant under the terms of the partnership.

The sufficiency of the cross-bill was challenged by a demurrer, which was overruled. The existence of a partnership and the other facts upon which the cross-bill was based were put in issue by reply and answer.

Upon a trial without a jury the district court properly quieted in plaintiff his title to the land in Keith county, and from that part of the judgment there is no appeal. It was decreed, however, that plaintiff and defendant were partners, and that defendant was entitled to half the net profits his share being $1,438.58, according to the trial court's statement of the cost and resale price of each of the four properties described in the cross-bill. From a judgment in favor of defendant for that sum plaintiff has appealed.

The sufficiency of the cross-bill to state a cause of action against plaintiff for half the net profits of a partnership is presented for review. The demurrer should have been sustained. According to the cross-bill defendant sued his sole partner for a half interest in the net profits of four partnership transactions under an oral partnership agreement for the general purpose of buying and reselling real estate.

Sanley v. Davies.

There is no allegation that the partnership has been dissolved or that there has been a settlement of partnership affairs or that there has been an accounting between the partners. On the contrary, the cross-bill shows on its face that the four purchases and resales specifically pleaded are not all of the partnership transactions. It is alleged in the cross-bill that since 1914, "up to and including the present time," plaintiff and defendant have been engaged in buying and reselling real estate as partners under their oral partnership agreement. There is no specific prayer for the dissolution of the partnership. Defendant estimates the net profits on the partnership business specifically pleaded at $5,200, but for anything appearing in his cross-bill plaintiff's losses on other partnership transactions may exceed the profits for which defendant sues. The judgment entered in favor of defendant on his cross-bill leaves the partnership in existence. Judge Story said:

"Pending the partnership, courts of equity will not interfere to settle accounts and set right the balance between the partners, but await the regular winding up of the concern." Story, Partnership (6th ed.) sec. 229.

This is the general rule in both law and equity. 20 R. C. L. 934, sec. 152. For the reasons given the cross-bill was demurrable. *Lord v. Peaks,* 41 Neb. 891.

Assuming, but not deciding, that the parties tried the issues on the theory that the cross-bill was in reality an equitable plea for dissolution of the partnership and for a final accounting between the partners, and that an amendment to conform the cross-bill to the proofs is permissible for the purposes of a trial *de novo,* is defendant entitled to a judgment for half the net profits estimated by the trial court at $1,438.58? The answer of course depends on the evidence. The burden was on defendant to prove that he and plaintiff entered into an oral partnership agreement for the general purpose of buying and reselling real estate, the net profits to be divided equally, plaintiff to furnish the capital and defendant the knowledge, skill and services, including the discovery of purchasable properties with the

exclusive right of resale. On an issue of this kind an annotator, after reviewing the cases in point, formulated the following test:

"If the profit-sharing contract is unwritten and oral, the speech and conduct of the parties in relation to its subject-matter prove their intention to be or not be partners." 18 L. R. A. n. s. 1105 (*Cudahy Packing Co. v. Hibou*, 92 Miss. 234).

Profit-sharing in real estate transactions does not necessarily prove a partnership. *Mancuso v. Rosso*, 81 Neb. 786; *Norton v. Brink*, 75 Neb. 575; *Tyson v. Bryan*, 84 Neb. 202. A recognized principle has been stated as follows:

"Where the question of partnership arises in a contest between partners and the interests of no third persons are involved, much stronger proof is required to establish it than when the question arises between the alleged partners and third persons." *Norton v. Brink*, 75 Neb. 566, 570.

Weighed in the standard scales of the law, is there sufficient evidence of the partnership pleaded in the cross-bill? Plaintiff lived at David City and defendant at Kearney in 1914—the alleged date of the oral partnership agreement. Defendant testified that it was not wholly consummated at either place, but that it was discussed at both places at different times. He stated the general terms and the purpose of the partnership as pleaded in the cross-bill and that he and plaintiff orally agreed to it. What plaintiff said in response to any particular proposition to form a partnership does not clearly appear. Defendant did not testify to any provision for the sharing of losses in the event of falling prices. On the other hand, according to the oral agreement, the exclusive right of resale was reserved to himself—a personal advantage inconsistent with the business sagacity displayed by plaintiff in all the transactions for which he furnished the capital or purchase money. The conduct of defendant himself was often at variance with a general partnership agreement for profits. Plaintiff made investigations and assumed individual responsibilities indicating that he did not rely on the knowledge, skill and

services of defendant. Plaintiff sought aid from others, took title in his own name and made resales on his own account. He did not divide profits, though the transactions covered a period of years. Defendant allowed his business relations with plaintiff to continue without a division of profits on the basis of the partnership pleaded. From some of the correspondence between the parties there is a stronger inference of agency than of partnership. The negotiations relating to the purchase of the last of the four properties involved imply an original transaction rather than an incident of a general partnership. Plaintiff denied positively the making or the existence of a partnership agreement for profits. The evidence as a whole, when considered in detail from every standpoint, does not prove that plaintiff and defendant were partners. Without disturbing that part of the decree quieting in plaintiff his title to his land in Keith county, the judgment in favor of defendant for profits is reversed and the cause remanded for further proceedings.

REVERSED IN PART.

Note—See Partnership, 30 Cyc. 369, 405, 413, 474.